*316
 
 Hart, J.
 

 The question to be decided in this case is whether the claimant, being president, manager and a principal shareholder of a corporation, and injured while regularly engaged in performing manual labor for the corporation in the fulfillment of its contract to repair and remodel a building, is entitled to participate in the State Insurance Fund as an employee of such corporation, he having been included as such employee in the payroll report of the corporation to the Industrial Commission and the premium on such payroll having been paid by the corporation.
 

 Briefly stated, the commission claims that the claimant was an executive officer of the corporation and, therefore, not an employee entitled to participate in the State Insurance Fund. The commission denies that he may have both the status of an executive while engaged in executive duties, and the status of an employee while performing manual labor for the corporation during working hours devoted to its service. The claimant, on the other hand, claims that he is entitled to participate in the State Insurance Fund if injured while he is
 
 bona fide
 
 within the latter status, even though a major part of his time is devoted to executive duties for the corporation in whose success he is interested as a shareholder.
 

 This important question has not been previously decided by this court, although it has received consideration by .the courts of a number of sister states. The importance of the question is recognized when it is considered that the individual business of hundreds and perhaps thousands of small corporations organized in this state is not sufficiently large to warrant the employment of full time executives, and that while of necessity the heads of such corporations are nominal executives devoting a portion of their time to executive duties, they are also often engaged in performing manual labor necessary in the prosecution of the business.
 

 
 *317
 
 The Workmen’s Compensation Act does not discriminate against small corporations and their employees, the latter being entitled to full protection under this law. The law was enacted, pursuant to the Constitution as stated in Section 35, Article II, “For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen’s employment * # In fact the. spirit of the Workmen’s Compensation Act is to give encouragement to the employment of the corporate fiction as a nominal employer, so that all
 
 bona fide
 
 employees of such an entity, when they exceed two in number, are granted coverage. The social implications of the law are that the economic loss of the injured employee, or of his dependents in case of his death, must be borne by industry, and that this policy should not be thwarted by the device of making a
 
 bona fide
 
 employee an executive officer of a corporation, or by making such an employee a member of a partnership in order to reduce the number of persons employed and thus escape the application of the law.
 

 If the corporation had hired another person to perform the work being done by Kuehnl at the time of his injury, and such person had been injured as Kuehnl was injured, without question he would have been entitled to participate in the State Insurance Fund. The economic loss and handicap to Kuehnl becáuse of his injury was just as great and severe as it would have been if the injury had happened to any other workman. The state, through the Industrial Commission, had required the corporation to comply with the law, had collected the premium covering its payroll including the wages of Kuehnl, which incidentally took away any right which he, the claimant, may have had to recover his loss from the corporation. Incidentally, by the corporation’s compliance with the law, the interest of the other shareholder
 
 *318
 
 was protected, and entitled to be protected against any claim which Kuehnl might have against the corporation on account of such injury.
 

 The commission claims that the claimant’s relation to his corporation is akin to the relationship of a partner to his partnership; that, as in a partnership, he stands in the position of both employer and employee; and that because of that fact he is not entitled to participate in the State Insurance Fund. In this connection, the commission places reliance on the cases of
 
 Goldberg
 
 v.
 
 Industrial Commission,
 
 131 Ohio St., 399, 3 N. E. (2d), 364, and
 
 Westenberger
 
 v.
 
 Industrial Commission,
 
 135 Ohio St., 211, 20 N. E. (2d), 252.
 

 The former case holds that the last paragraph of Section 1465-68, General Code, providing that any member of a partnership, firm or association who is paid a fixed compensation for services rendered and who is injured in connection with such employment is entitled to participate in the State Insurance Fund, is void because a partner in such case is himself the employer. This was the specific question before the court and clearly it did not extend the doctrine there announced to the case of a shareholder of a corporation. On the other hand, Section 1465-61, General Code, specifically provides that the terms “employee,” “workman” and “operative” shall be construed to mean: “* # * Every person in the' service of any person, firm or
 
 private corporation * * *
 
 employing three or more workmen or operatives regularly in the same business, * * * but not including any person whose employment is but casual and not in the usual course, of trade, business, profession or occupation of his employer.” (Italics ours.) The second of the above-named cases involved a similar situation, and the court followed its previous decision made in the first above-named case.
 

 There is a conflict in the cases outside of Ohio on
 
 *319
 
 the question stated in the first paragraph of this opinion, although, it must be observed, such conflict for the most part is due to the particular circumstances of each case. In connection with a thorough annotation of cases on this subject, the editor of American Law Reports (81 A. L. R., 645) says:
 

 “*
 
 *
 
 # The cases appear generally to hold that the mere fact that one is a stockholder, officer, or director of a corporation does not necessarily preclude recovery for his injury or death, as an employee of the company, under workmen’s compensation acts, but that he may be an employee. Such factors as the nature of the work for which he receives pay, the proportion of the stock which he owns, and whether, in case he performs the work of an ordinary employee, this is not merely occasional or incidental, but is his regular work, are determinative of the question.”
 

 The author of Ruling Case Law (28 R. C. L., 764) says:
 

 “Undoubtedly, a stockholder of a corporation may be an employee of the company so as to be within the intention of the workmen’s compensation acts. Whether he is or is not depends on the circumstances, primary of which is the existence of a contract of service. The same is true of the officers of a corporation. The statute is intended to apply to those who, in case of injury, are so situated as to need the compensation provided by the law; and consequently, superior officers, whose salaries are relatively large in amount, or uninterrupted by the fact of injury, may be held very properly not to be within the purview of the act. The size and importance of the corporation, and the character of employment in which the applicant is engaged, are the determinative factors.”
 

 In 71 Corpus Juris, 507, the rule is stated as follows:
 

 “The majority of the cases adhere to what may be
 
 *320
 
 called the dual capacity doctrine; that is, that an officer, director, or stockholder of a corporation will not he denied compensation merely because he is such officer, director, or stockholder if, as a matter of fact, at the time of the injury he is engaged in performing manual labor or the ordinary duties of a workman and receives pay therefor in the capacity of an employee, or if he is engaged in an employment palpably separate and distinct from the official duties falling upon him as an officer of the corporation. Hence, one of the fundamental tests of the right to compensation is not the title of the injured person, but the nature and quality of the act he is performing at the time of injury, or whether he was performing service for another under a contract of hire.”
 

 The cases make clear that in order to entitle an executive officer of a corporation to participate in the State Insurance Fund, he must receive his injury while engaged in employment as a workman, usually in some kind of manual labor. The principal cases cited, by the commission do not meet this requirement, and, therefore, are not applicable to the facts in the instant case. For instance, one who is an executive and is also a salesman for his corporation cannot establish a claim for an injury while acting as such salesman
 
 (Kutil
 
 v.
 
 Floyd Valley Mfg. Co.,
 
 205 Iowa, 967, 218 N. W., 613); an executive receiving a fall on his return trip to the office of the corporation after consultations with the corporation’s attorneys and auditors, is not an employee within the compensation law
 
 (Higgins
 
 v.
 
 Bates Street Shirt Co.,
 
 129 Me., 6, 149 A., 147); a treasurer and general manager of an electric company, injured while present and directing repair work, but himself doing no manual or mechanical labor, is not entitled to compensation
 
 (Brown, Admr., v. Conway Electric Light & Power Co.,
 
 82 N. H., 78, 129 A., 633); one who was president and owned all but two qualifying shares of a corporation which he
 
 *321
 
 entirely controlled and who received an accidental injury by falling is not entitled to compensation
 
 (Donaldson
 
 v.
 
 William H. B. Donaldson Co.,
 
 176 Minn., 422, 223 N. W., 772); a vice-president of a mortgage company whose remuneration was a commission on loans he secured for the company, and who was injured on his way to board a train to meet the treasurer of the company to negotiate trust contracts is not entitled to compensation
 
 (Hodges
 
 v.
 
 Home Mortgage Co.,
 
 201 N. C., 701, 161 S. E., 220); and one who is owner of practically all the stock of a corporation of which she was president and general manager, receiving a salary of $5,000 per-annum while the corporation never paid any dividends, and who was injured by falling on the street, is not entitled to compensation
 
 (Leigh Aitchison, Inc.,
 
 v.
 
 Industrial Commission,
 
 188 Wis., 218, 205 N. W., 806, 44 A. L. R., 1213).
 

 Cases more nearly in point with the facts in this case, indicating that an executive, a part of whose time is devoted to the work of an employee in performing manual labor, and injured while so employed, is entitled to participate in the insurance fund,-are as follows:
 
 Skouitchi
 
 v.
 
 Chic Cloak & Suit Co.,
 
 230 N. Y., 296, 130 N. E., 299, 15 A. L. R., 1285;
 
 Bowne
 
 v.
 
 Bowne Co.,
 
 221 N. Y., 28, 116 N. E., 364;
 
 Dewey
 
 v.
 
 Dewey Fuel Co.,
 
 210 Mich., 370, 178 N. W., 36;
 
 Zurich General Accident & Liability Ins. Co.
 
 v.
 
 Industrial Commission,
 
 193 Wis., 32, 213 N. W., 630;
 
 Millers’ Mutual Casualty Co.
 
 v.
 
 Hoover
 
 (Tex. Civ. App.), 216 S. W., 475.
 

 This court has held on several occasions that the Workmen’s Compensation Act of this state is for the benefit of the injured party, and should be liberally interpreted in favor of the applicant.
 
 Industrial Commission
 
 v.
 
 Pora,
 
 100 Ohio St., 218, 125 N. E., 662;
 
 Industrial Commission
 
 v.
 
 Weigandt,
 
 102 Ohio St., 1, 7, 130 N. E., 38;
 
 Industrial Commission
 
 v.
 
 Lewis,
 
 125
 
 *322
 
 Ohio St., 296, 181 N. E., 136. This is especially so in the case at bar since the claimant’s wages were included in the payroll report and were taken into consideration in the premium paid by the corporation. If such course is consistently followed, the State Insurance Fund will not suffer by reason of the allowance of such a claim.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Day, Zimmerman, Williams and Myers, JJ., concur.
 

 Matthias, J., concurs in the judgment.