**HILLENBRAND, Appellee v. INDUSTRIAL COMMISSION, Appellant.**

Ohio Appeals, First District, Butler County.

No. 850.   Decided May 3, 1943.

C. W. Elliott, Middletown, for appellee.

Thomas J. Herbert, Columbus, Mr. Robert E. Hall, Columbus, and Alvy T. Witt, for appellant.

## OPINION

By HILDEBRANT, J.

Appeal on questions of law from the judgment of the Court of Common Pleas finding plaintiff entitled to participate in the State Insurance Fund.

Plaintiff was president of the Hillenbrand Construction Company, a small, close corporation, wherein he, his wife and one other person were all the stockholders, directors, and officers thereof. In addition to the duties incumbent on him as president he performed duties of a different character in acting as superintendent of construction and in estimating jobs and actively supervising construction work, at times lending a hand at different tasks of manual labor. His salary was fixed at $100.00 per week, which he testified was paid to him in his capacity as Superintendent of Construction and that he received no salary for performing the duties of president.

On July 2, 1932, while superintending the construction of a school house at Iberia in Morrow County, Ohio, while walking a gangplank from an upper story of the school house on his way to see a salesman who had called at the job about the purchase of supplies for Hillenbrand Construction Company, he fell and struck his back on a 2 x 4. He had medical attention and was partially disabled and restricted in his efforts to work during the ensuing months. On October 15, 1932 while manually lifting a can of paint into a car or truck for the Hillenbrand Construction Company he injured his back either by aggravation of the injury of July 2, 1932 or originally.

The following stipulation is in the record:

"It is stipulated by and between counsel for plaintiff and counsel for the State Insurance Fund that this cause shall be tried by the court on the re-hearing transcript, the jury having been waived by both parties.

"It is further agreed that the only issue in this case is whether or not the plaintiff, Fred Hillenbrand, was on July 2, 1932 and October 15, 1932, or either of said dates, an employee of the Hillenbrand Construction Company.

"It is further agreed that if he was an employee on said date or either of said dates, he is entitled to participate in the State Insurance Fund.

"It is further agreed that the venue of this matter shall be Butler County, Ohio and the plaintiff in view of this stipulation agrees to dismiss case No. 8759, Fred Hillenbrand v. Industrial Commission, now pending in the Common Pleas Court, Morrow County, Ohio, arising out of Claim No. 1297676, filed with the Industrial Commission of Ohio."

By this stipulation the case is stripped of all questions save the one—"Was plaintiff, on July 2, 1932 and October 15, 1932, or either of said dates, an employee of the Hillenbrand Construction Company within the meaning of the Workmen's Compensation Law?" If this question be answered in the affirmative, he is entitled to participate in the State Insurance Fund.

It is contended that the case of **Kuehnl v. Industrial Commission of Ohio, 136 Oh St 313,** holding that an officer, director, or shareholder of a corporation injured while engaged in performing manual labor for the corporation as its employee will not be denied compensation for such injury under the Workmen's Compensation Act solely because he is such officer, director, or shareholder, limits the right to participate in the fund to those cases only where such officer, director, or shareholder is performing manual labor and had made proper pay roll reports and paid the required premium into the State Insurance Fund.

This contention is based on appellant's construction of the language of the syllabus of the Kuehnl case as well as in the body of the opinion. The first and second paragraphs of the syllabus in the Kuehnl case are as follows:

"1. An officer, director or shareholder of a corporation, injured while engaged in performing manual labor for the corporation as its employee, will not be denied compensation for such injury under the Workmen's Compensation Act solely because he is such officer, director or shareholder.

"2. A claimant under the Workmen's Compensation Act, although president, general manager and owner of half the capital stock of a corporation, injured while regularly engaged in performing manual labor as an employee of such corporation which had included his wages in his payroll report to the Industrial Commission and had paid its premium into the State Insurance Fund accordingly, is entitled to participate in such State Insurance Fund."

**Article 11, §35, Ohio Constitution** provides:

"For the purpose of providing compensation to **workmen** and their dependents, for death, injuries or occupational disease, occasioned in the course of such **workmen's** employment, * * *" (Emphasis ours.)

It will be noted that the constitutional provision above quoted, which is the basic law to be looked to in this class of case admits of no qualification of the word workmen. Therefore, if plaintiff is a workman of any kind as defined by the act he is entitled to participate.

Definition of the terms "employee," "workman," and "operative" used synonymously in the Act is contained in §1465-61 GC:

"2. Every person in the service of any person, firm or private corporation, including any public service corporation, employing three or more workmen or operatives regularly in the same business, or in or about the same establishment under any contract of

hire, express or implied, oral or written, including aliens and minors, but not including any person whose employment is but casual and not in the usual course of trade, business, profession or occupation of his employer."

The language of the statute is "Every person in the service of any * * * corporation" and contains no exceptions as to officers, directors, or shareholders.

The corporation here is apparently one of those referred to by the court at page 316 of the Kuehnl case not sufficiently large to warrant the employment of full time executives, so that of necessity the officers thereof, in this case plaintiff, president, engaged in the ordinary duties of a workman and received pay therefor in the capacity of an employee at times performing duties falling within the category of manual labor.

All the reasoning of the Kuehnl case it seems to this court applies here—the policy of liberal construction of the Workmen's Compensation Act, the public policy of giving encouragement to compliance with the Act by observing the fiction of corporate entity, the vindication of the theory or social implications of the law and the protection of the rights of other stockholders, even the rights of plaintiff as a stockholder himself, are pertinent to a decision of this case.

The cases cited at page 321 Kuehnl case provide a clear and sound basis for the law of this case.

In view of the constitutional and statutory provisions referred to above, together with the reasoning referred to and the authorities cited it appears to this court that the references to manual labor and payroll reports and premium payments in the Kuehnl case were and are mrely descriptive of the actual facts and were so used, and not used nor intended to be used as words of limitation.

It further appears from the record that plaintiff testified that in performing the duties of superintendent of construction he did at times perform manual labor, and it seems to the court that on October 15, 1932, in lifting the can of paint into a car or truck he was performing an act which could not accurately be characterized as other than manual labor and one palpably and distinct from official duties as president.

Judgment affirmed.

ROSS, P. J., and MATTHEWS, J., concur.