**MINE SERVICE CO. et al. v. GREEN.**

Court of Appeals of Kentucky.

March 12, 1954.

Willis W. Reeves, Maxwell P. Barret, Hazard, for appellants.

Craft & Stanfill, Hazard, for appellee.

MOREMEN, Justice.

This record presents for decision the question of whether or not the president of a corporation is an "employee" within the meaning of KRS 342.005 of the Workmen's Compensation Act, the pertinent part of which reads as follows:

"This chapter shall apply to all employers having three or more employes regularly engaged in the same occupation or business, and to their employes * * *. It shall affect the liability of the employers subject thereto to their employes for a personal injury sustained by the employe by accident arising out of and in the course of his employment, or for death resulting from such accidental injury * * *."

John Green was president and general manager of appellant, Mine Service Company, and, as such, received a salary of $2,000 per month plus bonuses. His name was carried on the payroll in the same manner as those of other employees and he received his salary in cash payments. The concern operated under the Workmen's Compensation Act.

In 1934 Mr. Green signed the register and agreed to be bound by the provisions of the Act. Since that date, pursuant to KRS 342.340, the appellant corporation has kept in effect a policy of insurance against liability for compensation under the Act.

On July 11, 1951, John C. Green, while on his way to represent his company at a meeting to be held in Bluefield, West Virginia, became involved in an automobile accident in which he received injuries that resulted in his death. Appellee, Eleanor Z. Green, claimed compensation as dependent widow, which was denied by the Workmen's Compensation Board. Upon appeal to the circuit court, a judgment was entered by which the order of the Board was reversed and the case remanded with directions that appellee be allowed maximum compensation permitted by the Act. From that judgment, this appeal was taken.

In some jurisdictions a rule, known as the "dual capacity doctrine," has developed whereby the claimant's right to recovery is based not upon the title of his office or position, but upon the character of the work he was performing at the time he was injured. Under this rule an officer of a corporation, who is hurt while discharging executive duties, is not deemed to be an employee within the meaning of the Act and is denied its benefits. However, if he is injured while performing work ordinarily done by a laborer or workman, he is designated to be an employee and may obtain the benefits of compensation. Various standards have also been set up for guidance in determining when a person is an executive and when he is a workman. In the case of In re Raynes, 66 Ind.App. 321, 118 N.E. 387, 391, the court pointed out that the character of this capacity might vary, saying:

"But in another corporation of humbler proportions such an officer might serve in a dual capacity; that is, as an officer and also a workman. * * * Such an official in his capacity as a workman might measure up in all respects to the conception of an employe within the meaning of the act".

See also 3 Schneider, Workmen's Compensation, Section 798, Page 89; Solheim v. Hastings Housing Co., 151 Neb. 264, 37 N.W.2d 212; Mount Pleasant Mining Corp. v. Vermeulen, 117 Ind.App. 33, 65 N.E.2d 642; Hillenbrand v. Industrial Comm., 72 Ohio App. 427, 52 N.E.2d 547; Delaney v. Dan Delaney, Inc., 227 Minn. 572, 36 N.W.2d 12.

In the case at bar it is clear from the record that John C. Green was acting in an executive capacity at the time he received his fatal injury, and our question is not one of classification but of whether we will accept the dual capacity doctrine and deny compensation on the ground that an executive of a corporation is not an employee of a corporation.

We have concluded that we will not accept the artificial distinction of the dual capacity doctrine and will look to the words of the Act to determine its intention. The words, "employer" and "employee," are used throughout the Act and neither is defined generally. A definition of the word "employer," as used in connection with hazardous occupations, KRS 342.016 and KRS 342.017, may be found under subsection (1) of KRS 342.003, which reads:

" 'Employer' shall mean and include individuals, partnerships, voluntary associations, and private corporations."

By KRS 342.010 the meaning of the word was extended to include state and municipal governments.

We see no reason that the legislature should have intended a different definition for employer when used in connection with a hazardous occupation than that when used in connection with a relatively safe one. Therefore, we may start from the premise that in this case appellant, Mine Service Company, was the employer of all those who were on the payroll of the company. Mr. Green, although acting in a position of superior authority, was nevertheless subject to the superior will and direction of the corporate employer, which had the power to remove him by proper action. He was involved in its business only because he had been hired by it and, if he was not its employee, we are at a loss to state for whom he was working.

The parties to this law suit have for many years interpreted the Act to mean that officers of the corporation were covered by the Act because the president was permitted to sign the register and for a period of nearly twenty years a policy of insurance was carried for his protection.

We are of opinion that the judgment of the circuit court was correct and it is, therefore, affirmed.

SIMS, C. J., and STEWART, J., dissent.

SIMS, Chief Justice (dissenting).

My reason for dissenting in this case is I think the majority opinion is wrong in not recognizing the "dual capacity" doctrine. It is admitted by the majority that Green, as President of his company was performing the duties of an executive at the time he was killed. Of course, under the "dual capacity" doctrine he would not have been eligible for compensation under the Workmen's Compensation Act when killed while performing duties as President, and not as an employee of his company. It is my view the Legislature never intended for the Act to cover the president of a corporation while performing the duties of an executive.

I am authorized to state that Judge STEWART joins in this dissent.