SPISAK, APPELLEE, *v.* MCDOLE, APPELLANT, ET AL.

[Cite as Spisak *v.* McDole (1984), 15 Ohio St. 3d 62.]

(No. 84-503—Decided December 28, 1984.)

*Messrs. Lindhorst & Dreidame* and *Mr. J. Roger Blust,* for appellee.
*Mark R. Bogen Co., L.P.A.,* and *Mr. Mark R. Bogen,* for appellant.

*Per Curiam.* The issue before us is whether defendant herein was sufficiently prejudiced so as to preclude amendment of plaintiff's claim pursuant to Civ. R. 15(B). For the reasons which follow, we hold the amendments in the case *sub judice* to be a valid exercise of the trial court's discretion and thereby affirm the court of appeals.

The policy behind a court's discretion to freely allow amendments pursuant to Civ. R. 15 has been the subject of several recent opinions by this court. See, *e.g., Hall* v. *Bunn* (1984), 11 Ohio St. 3d 118; *Hoover* v. *Sumlin* (1984), 12 Ohio St. 3d 1. Needless to say, such discretion will not be disturbed in the absence of "gross abuse" by the trial court. *Flynn* v. *Sharon Steel Corp.* (1943), 142 Ohio St. 145, 159 [26 O.O. 343].

In the instant case appellee's first amendment was for a complaint of general defamation. Appellee's second amendment, and the one allowed on oral motion on the day of trial, involved specific instances of slanderous statements. Evidence adduced to support the former amendment included statements by the appellant that appellee lacked good judgment in dispensing medicine. The evidence adduced to support the latter amendment included statements that appellee was a "bitch," a "f----- whore," etc. Based upon this court's prior decision in *Bush* v. *Kelley's, Inc.* (1969), 18 Ohio St. 2d 89, 93 [47 O.O.2d 238], we cannot say that the evidence used to buttress the second amendment was of such a character or nature as to present issues not previously addressed by the original and first amended pleadings. The final amended complaint concerned the same parties, during the same time period and under similar circumstances to the original and first amended complaints. We must therefore reject appellant's first contention.

Appellant's second contention is that he was prejudiced by the amendment approved on the trial date. According to the record, and without discussion of the ethical dilemmas posed by holding the interests of one client paramount to another (see, *e.g.,* Canon 5 of the Code of Professional Responsibility), appellant herein twice rejected the opportunity for a continuance. Appellant's counsel's decision to forego these continuances could not, at the time of trial, be construed as anything except a purely tactical decision.

Appellant had the burden to satisfy the court that the admission of evidence was prejudicial. See Civ. R. 15(B). The failure to satisfy that burden at the time of trial, or to take advantage of the offered continuances, was appellant's failure and not a failure on the part of the trial court. Accordingly, we find no abuse of discretion on the part of the trial court and affirm the judgment of the court of appeals.

*Judgment affirmed.*

Celebrezze, C.J., W. Brown, Sweeney, Locher, C. Brown and J. P. Celebrezze, JJ., concur.

HOLMES, J., dissents.

HOLMES, J., dissenting. I dissent from today's majority opinion in that the trial court abused its discretion by allowing a second amendment to the complaint on the morning of the trial. In my view, the nature of the latter amendment was not similar enough to appellee's complaint and first amendment thereto as to warrant a relation back to the pending suit under the appropriate procedural rule.

In addressing the relation back of amendments, Civ. R. 15(C) states in pertinent part:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. * * *"

The inquiry pursuant to Civ. R. 15(C) should focus on whether the allegations within the original pleading give sufficient notice of the claim sought to be included by the amendment. Here, the first amended complaint gave little, if any, notice as to the cause of action for slander contained in the second amended complaint.

The first amended complaint referred to defamatory statements made concerning appellee's inaccurate bookkeeping and improper dispensing of medicine. The complaint alleged that these statements took place prior to June 5, 1981. The second amended complaint alleged slander which, from all indications in the record, occurred after June 5, 1981. When Civ. R. 15(C) speaks of conduct, transaction, or occurrence, it certainly does not refer to a series of dissimilar events which continued for a series of months.

Furthermore, the trial court has allowed appellee to effectively evade the statute of limitations for slander actions as provided in R.C. 2305.11(A). Appellee's cause of action for slander would have been precluded by the limitations period had the trial court not permitted its relation back to the pending lawsuit. Appellee was allowed to file a lawsuit and then use it as a basis for asserting another cause of action which was totally distinct from the pending suit and would have otherwise been barred by the statute of limitations. I cannot encourage such practice.

Accordingly, I dissent.