OPINION
Appellant, Johns-Eagon Company ("Johns-Eagon"), has appealed a decision of the Portage County Common Pleas Court denying its motion to conform the pleadings to the evidence in a contract case involving the construction of a home. The following facts are relevant to a determination of this appeal.
Appellees, Mark and Christine Thompson ("the Thompsons"), were in the process of building a new home in Streetsboro, Ohio. As part of that process, they contracted with appellee, Harold K. Adkins, d.b.a. A S Bricklayers, Inc. ("A S"), on July 30, 1994 to install the brick on the outside of the home. A S then contracted with Johns-Eagon to supply the brick needed for the job. On or about November 16, 1994, the first load of 6,020 bricks was delivered by Johns-Eagon to the job site. A S paid the Johns-Eagon driver $2,475.35 for those bricks. By November 21, 1994, a second load of bricks was required. Once again, Johns-Eagon made the delivery and was paid $2,475.35 by A S.
After 4,700 of the bricks from the second load had been laid, the Thompsons noticed that the second load of bricks did not match the bricks from the first load. Johns-Eagon admitted that it delivered the wrong brick but claimed that A S should have realized the mistake when it started laying the brick. David Derr from Derr Brick, a division of Boral Brick, who had supplied the brick to Johns-Eagon, determined that the second load of bricks had come from a different run than the first load and that the second load of bricks had a coarser texture than those in the first load. A dispute arose as to who was going to pay for the mistake. As a result, the Thompsons did not pay A S for their work and, consequently, A S stopped work on the project.
On February 27, 1995, the Thompsons terminated the contract with A S because of its refusal to continue to work on the project. The Thompsons also contacted Boral Brick ("Boral"), who agreed to reimburse the Thompsons for the cost of removing the wrong brick and, additionally, gave the Thompsons a discount on the purchase price of brick to finish their house.
On July 31, 1995, A S filed a mechanics lien against the Thompsons' home and then filed a foreclosure action against the Thompsons. The Thompsons filed a counterclaim against A S for breach of contract and negligence. Subsequently, on May 21, 1996, A S moved the trial court to consolidate the instant matter with Portage County Case No. 96 CV 405, a case in which A S had filed a complaint against Johns-Eagon based upon breach of contract and negligently delivering the wrong brick to the job site. The trial court granted the motion to consolidate on June 17, 1996.
On March 10, 1997, the claims of all parties were tried together before a magistrate in the trial court. On June 23, 1997, the magistrate issued his decision. Concerning the issue of the wrong brick, the magistrate determined that the Thompsons should not be held responsible for the cost of the wrong brick or the labor to install the wrong brick. The magistrate found that Johns-Eagon was liable to A S for the cost of the wrong brick and the labor to install the wrong brick. However, the magistrate than incorrectly included in the award in favor of A S against the Thompsons the cost of the wrong brick and the labor for installing the wrong brick.
Both Johns-Eagon and the Thompsons filed objections to the magistrate's report. On October 15, 1997, the trial court sent the matter back to the magistrate for further findings of facts and conclusions of law pertaining to the aforementioned objections. On February 24, 1998, the magistrate issued a supplemental decision in which he made it clear that Johns-Eagon was solely responsible for the delivery of the wrong brick. Thus, the cost of the wrong brick as well as the labor to install it was deducted from the award against the Thompsons.
On March 11, 1998, Johns-Eagon filed a motion to conform its pleadings to the evidence, in addition to objections to the magistrate's supplemental decision. On March 23, 1998, the trial court overruled the objections and denied the motion of Johns-Eagon to conform its pleadings to the evidence. The trial court then adopted the magistrate's supplemental decision.
Appellant, Johns-Eagon, timely filed a notice of appeal and has now set forth the following assignments of error:
 "1. The trial court erred to the prejudice of Defendant-Appellant in overruling its motion to amend its pleadings to conform to the evidence presented at trial.
 "2. The trial court erred to the prejudice of Defendant-Appellant by adopting the Supplemental Magistrate Decision, which refused to consider Defendant-Appellant's claims of unjust enrichment against Defendant-Appellees Thompsons."
 In the first assignment of error, Johns-Eagon contends that the trial court erred in overruling its motion to amend its pleadings to conform to the evidence presented at trial. In the second assignment of error, Johns-Eagon asserts that the trial court erred by adopting the magistrate's supplemental decision, which did not consider its claims of unjust enrichment against the Thompsons. These assignments of error are interrelated and, therefore, will be addressed in a consolidated manner.
Civ.R. 15(B) addresses amendments to conform pleadings to the evidence. It provides, in relevant part:
 "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues."
 Additionally, the decision to grant or deny a motion to amend pleadings to conform to the evidence is within the sound discretion of the trial court. Spisak v. McDole (1984), 15 Ohio St.3d 62, 63; James Place Properties, Inc. v. Madison Twp. Bd. of Trustees (Sept. 25, 1998), Lake App. No. 97-L-143, unreported, at 12. In order to establish an abuse of discretion, an appellant must show that the trial court's ruling was unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
In the present case, Johns-Eagon sought to amend its pleadings to include a cross-claim against the Thompsons based upon the theory of unjust enrichment. Specifically, Johns-Eagon argues that the Thompsons entered into a settlement agreement with Boral under which the Thompsons were reimbursed for the cost of the wrong brick and the cost of installing the wrong brick. Therefore, the Thompsons, not Johns-Eagon, should be held liable to A S for that money to cover those costs. Otherwise, the Thompsons will be unjustly enriched. We disagree.
A review of the settlement agreement between Boral and the Thompsons reveals that the money received by the Thompsons was to cover the cost of removing the wrong brick and the installation of correct brick in its place. The removal and reinstallation was performed by another subcontractor hired and paid by the Thompsons after A S was discharged for failing to continue the job. The settlement agreement did not involve the original cost of the wrong brick or the cost of installing the wrong brick. Hence, Johns-Eagon's argument that the parties had expressly or impliedly tried this issue at trial is not supported by the record.
Additionally, Johns-Eagon claims that without permitting them to amend its pleading resulted in the Thompsons being unjustly enriched by the funds received from Boral. This is simply not true. Unjust enrichment occurs when a party receives some benefits which in justice and equity belong to someone else.Liberty Mut. Ins. Co. v. Indus. Comm. (1988), 40 Ohio St.3d 109,110-111. In the case sub judice, it is clear that the Thompsons did not receive any benefits that rightfully belonged to Johns-Eagon. Because of the mix-up, the Thompsons were forced to hire a subcontractor to remove the non-conforming brick and install the proper brick. That is an expense that they should not have incurred. Boral, recognizing its part in the mix-up, agreed to pay those expenses. Boral did not agree to assume the cost of the wrong brick or the cost of installing the wrong brick. Thus, this is not a case of unjust enrichment.
Based upon the foregoing analysis, the trial court did not err in overruling Johns-Eagon's motion to amend its pleadings to conform to the evidence. Nor was it error for the trial court to adopt the magistrate's supplemental decision. Both assignments of error are, therefore, without merit.
The judgment of the trial court is hereby affirmed.
JUDGE WILLIAM M. O'NEILL
FORD, P.J., NADER, J., concur.