JOURNAL ENTRY and OPINION
{¶ 1} This case is before the court on appeal from a judgment following a jury trial. Ziad Youssef Hammoud and his parents, Rehab Youssef Al-Khatib and Youseef Mussa Hammoud, the plaintiffs-appellants in this case, contend that the court's rulings regarding the admission of evidence were an abuse of its discretion. We find no prejudicial error in the proceedings below, so we affirm.
 Procedural History {¶ 2} The complaint in this case alleged that plaintiff-appellant Ziad Hammoud went to the defendant-appellee Cleveland Clinic Foundation ("CCF") in January 2001 for removal of a regrowth of a pituitary tumor. The operation was performed on February 2, 2001. While he was recuperating, he developed severe abdominal pain. He presented at the CCF emergency room, where a tube was inserted through his nose. He later had abdominal surgery to repair a shunt which had been inserted into his stomach. This shunt failed four times during the three months following surgery.
 {¶ 3} Plaintiffs-appellants complained that the care provided to Ziad Hammoud was substandard, and that as a result he suffered a substantial loss of vision and diminished physical and mental capacity. His parents sought damages for loss of consortium. His mother also claimed that CCF negligently caused her to suffer extreme emotional distress. Finally, extreme emotional distress. Finally, plaintiffs claimed that CCF failed to provide them with requested medical records in a timely manner. The docket indicates that CCF filed an amended answer and counterclaim which does not appear in the record. It dismissed its counterclaim during trial.
 {¶ 4} The case proceeded to trial on June 21, 2004 before a visiting judge. At trial, the jury heard testimony from plaintiffs' experts, Renee Miller and Drs. Eugene Stevenson, Frank Crantz, Howard Siegel, John Conomy, Harvey Rosen and Barry Layton; defense experts, Drs. Bruce Morgenstern, Robert Bornstein, Gregory Kosmorski, and Bruce Ammerman; Dr. Marc Mayberg, the physician who performed the surgery to remove the pituitary tumor; Dr. David Vogt, who performed the abdominal surgery; Chief surgical resident Dr. Bipand Chand and general surgery resident Dr. Betty Hou, who assisted Dr. Vogt; emergency room doctor Frederick Hustey; Dr. Michael Steinmetz, a consulting neurosurgery resident when plaintiff presented at the emergency room; emergency room nurse Kittie Saracusa, who placed the nasogastric tube; rehabilitation specialist Dr. Vinot Sahgal; Hammoud's guardian ad litem, Michael Gareau; Hammoud's brother, Jihad Hammoud; and plaintiff Rehab Al Khatib.
 {¶ 5} At the conclusion of the trial, the jury returned a verdict in favor of CCF. Plaintiffs now appeal.
 Law and Analysis {¶ 6} In their first assignment of error, appellants argue that the common pleas court abused its discretion by allowing physicians employed by the appellee to testify as expert witnesses. Appellants complain that the witnesses were not identified as experts on appellee's witness list, nor had they submitted expert reports.
 {¶ 7} Each of the four witnesses at issue were treating physicians called by appellants as if on cross-examination as part of their case-inchief. The expert testimony was elicited when appellee examined the doctors on direct following appellants' cross-examination.
 {¶ 8} Local Rule 21.1 of the Cuyahoga County Court of Common Pleas (as amended effective September 1, 2002) requires the parties to produce written reports by non-party expert witnesses, and grants the court discretion to exclude the testimony of a non-party expert as to whom no written report is provided. The witnesses in this case were all treating physicians employed by appellee. Although they were not individually named in the complaint, appellee's alleged liability was based on their conduct through the doctrine of respondeat superior. Therefore, they were not "non-party" experts governed by Local Rule 21.1. Appellants have failed to demonstrate that the court abused its discretion by allowing them to testify as experts. Furthermore, appellants cannot show that they were prejudiced by the witnesses' unsurprising opinions that they were not that they were not negligent and provided accceptable and reasonable care. Cf. O'Connor v. Cleveland Clinic Foundation, Cuyahoga App. No. 84219,2005-Ohio-2328, ¶ 22 (expert testimony presenting a new theory of how the injury occurred was prejudicial). Accordingly, we overrule the first assignment of error.
 {¶ 9} Appellants' second assignment of error contends that the court erred by failing to voir dire a juror about a comment the juror made to opposing counsel. Counsel for both parties made a report of the incident on the record outside the presence of the judge and jury. Appellants' counsel reported that she observed a juror speaking to appellee's counsel, and overheard her say, "He is driving me crazy."[1] Appellee's counsel reported that she had been trying to repair a piece of equipment when the juror approached her and said, "Can you fix it? It's driving me crazy." She told the juror, "I'm trying."
 {¶ 10} Appellants have not demonstrated that the trial court abused its discretion by failing to inquire further. The court could properly accept appellee's counsel's report of the incident and determine that further inquiry was not warranted.
 {¶ 11} Appellants also complain that the court did not allow them to them to exercise a peremptory challenge to an alternate juror, as permitted by Civ.R. 47(C). The record does not disclose which alternate juror appellants would have challenged had they been allowed to do so. Appellants now claim that they would have challenged Juror No. 15. Juror No. 15 was seated as a regular juror, not as an alternate. Therefore, appellants have not demonstrated that they were prejudiced by the court's failure to allow them to exercise a peremptory challenge to an alternate juror.
 {¶ 12} Therefore, we overrule the second assignment of error.
 {¶ 13} In the third assignment of error, appellants claim that the court erroneously refused to allow them to read into the record parts of the deposition testimony of Drs. Steinmetz and Mayberg, two physicians who had previously testified at trial. They assert that the deposition testimony was admissible as a party admission pursuant to Civ.R. 32(A) and Evid.R. 801 and 803.
 {¶ 14} First, the deposition testimony which appellants sought to introduce was never proffered into the record.[2] Therefore, we are unable to determine whether the court erred by excluding this testimony, or whether appellants may have been prejudiced. Moreover, both physicians testified at trial. Appellants could have directly questioned the witnesses about have directly questioned the witnesses about the matter discussed in the deposition. If the witnesses' testimony varied from their deposition testimony, appellants could have used the deposition testimony to impeach them. Therefore, appellants had the opportunity to elicit the testimony which they claim to have been improperly excluded. Accordingly, we overrule this portion of the third assignment of error.
 {¶ 15} Appellants' third assignment of error also complains that the court refused to allow them to question Dr. Fredrick Hustey, an emergency room physician, about a conversation he had with an unidentified neurosurgeon a few days after appellant Ziad Hammoud was in the emergency room for treatment. Appellants claim that this statement was a party admission which the court should have allowed them to introduce.
 {¶ 16} At trial, appellants proffered that "What Dr. Hustey was saying is he was told by another neurosurgeon a day or two after the NG tube about the insertion or misplacement of an NG tube as stated in his deposition." Appellants conceded that Dr. Hustey was unable to identify the neurosurgeon who made this statement. Without the identity of the speaker, the statement cannot be labeled as a non-hearsay admission by a party-opponent, because there is no way to determine that the statement was made within the scope of the neurosurgeon's employment by appellee. See Evid.R. 801(D)(2) (defining non-hearsay party admissions). Therefore, appellants have failed appellants have failed to show that the court abused its discretion by prohibiting them from asking Dr. Hustey about this conversation. The third assignment of error is overruled.
 {¶ 17} Fourth, appellants urge that the court erred by not allowing them to present evidence of permanent damages. The jury found that appellee was not liable to appellants. Therefore, appellants cannot show that they were prejudiced by a ruling relating to damages. Shaffer v.Donegan (1990), 66 Ohio App.3d 528, 535. Accordingly, the fourth assignment of error is overruled.
 {¶ 18} Appellants' fifth and seventh assignments of error challenge court rulings regarding the testimony of Dr. Bruce Ammerman, a defense expert. Appellants contend that the court erred by allowing Dr. Ammerman to opine upon matters not contained in his expert report. Appellants also complain that the court allowed appellee to examine Dr. Ammerman using a demonstrative exhibit.
 {¶ 19} Dr. Ammerman's testimony is not included in the record. There is no copy of the videotape which was shown to the jury, nor was a transcript of his deposition ever filed. Therefore, we must presume the regularity of the proceedings before the trial court. See, e.g., Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. We overrule the fifth and seventh assignments of error.
 {¶ 20} Sixth, appellants argue the court abused its discretion by by limiting their ability to cross-examine Dr. Betty Hou about Ziad Hammoud's osteoporosis. The record does not indicate that appellants' cross-examination of Dr. Hou was limited on this subject. The court's only limitation was to "[s]tick to the parts of the body that are involved here in this case." "[T]rial judges often make comments in ruling on objections in an attempt to direct counsel to areas of inquiry that are relevant and appropriate," and such comments are well within the court's authority to control the proceedings. State v. Corai, Franklin App. No. 04AP-599, 2005-Ohio-1196, ¶ 19; also see Evid. R. 611(A). Appellants were able to elicit testimony from Dr. Hou that osteoporosis weakens bones, and the bones that would be weakened would include those involved here. Appellants then proceeded to ask whether cutting bone would also weaken it. There is no indication that appellants were precluded from further relevant inquiry about osteoporosis. Accordingly, we overrule the sixth assignment of error.
 {¶ 21} Finally, appellants complain that the trial judge was prejudiced toward them. First, they complain that the court did not allow the court reporter to record sidebar conferences, essentially precluding review of court rulings during those conferences. Although an official transcript of proceedings is the usual means of recording trial proceedings for review, there are other means of preserving claimed errors if a transcript is unavailable. See App.R. 9(C). Therefore, appellants have not demonstrated demonstrated that they were prejudiced by the procedure followed by the trial court here.
 {¶ 22} Appellants also complain that the court required their counsel to argue a challenge to a juror for cause in the jury's presence. The particular juror was not removed for cause, and remained on the panel throughout the trial. While we agree that this was not the most sensitive way to handle a challenge for cause, appellants have not demonstrated that they were harmed by it.
 {¶ 23} Appellants assert that the court allowed appellee's counsel to make "prejudicial comments" in front of the jury. A passing comment by opposing counsel that she had not been aware that Ziad Hammoud and his mother had planned to move to the United States cannot be deemed prejudicial, nor can a joke with a witness that "this is — just exactly what you thought would happen to you at the end of your residency, right, to come into a courtroom?"
 {¶ 24} Finally, appellants claim the trial judge erred by interjecting his understanding of the evidence during appellants' cross-examination of a witness. Appellants' counsel asked the witness, Dr. Hou, whether she was aware that "Dr. Steinmetz at his deposition said that he saw the tube there in the brain?" The witness replied that she "did not see Dr. Steinmetz's deposition." The court then noted that Dr. Steinmetz did not testify that he saw the tube in the brain. It is within the court's purview to ensure ensure that counsel does not misrepresent the testimony of the witnesses. Therefore, we find no error in the court's comment to counsel.
 {¶ 25} Accordingly, we overrule the eighth and final assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J. concurs Cooney, P.J. concurs in Judgment only.
[1] Appellants presume that this comment referred to appellants' counsel, who was the only male attorney in the courtroom. We note, however, that the trial judge, his bailiff, and one of the court reporters were also male.
[2] Appellant did proffer that "Dr. Mayberg said in his deposition is [sic] that he couldn't remember if he removed bone or not." This testimony only indicates a lack of memory, not an affirmative factual assertion. Appellant could not have been prejudiced by the exclusion of this testimony.