{¶ 28} I believe that the court did not abuse its discretion under Civ.R. 15(A) by permitting Nationwide to amend its complaint as to the date of the sexual assault. Coles could not possibly argue that he was surprised by the motion to amend the complaint because the time period of the date of the offense had been the subject of much discovery and was thus a major issue in the case. Indeed, the majority acknowledges this point as it notes that the date of the offense was open to question. Ante at 3. Given the supreme court's stated policy to "freely allow amendments pursuant to Civ.R. 15" and reverse only for a "gross abuse" of discretion, see Spisak v. McDole (1984), 15 Ohio St.3d 62, 63, I fail to see how the majority can conclude that the court's actions in this case met that standard.
 {¶ 29} Moreover, I take issue with the majority's usurpation of the court's fact-finding function. In essence, the majority has decided to reverse on the manifest weight of the evidence, apparently crediting as evidence statements made by Coles' counsel at trial. Ante at 8. Of course, statements by counsel are not evidence, and as the majority notes, the evidence conflicted. This being the case, the court was in the better position to weigh the credibility of the witnesses and by its own reckoning, it found Nationwide's witnesses more credible. I respectfully submit that our inquiry should end there.