OPINION
{¶ 1} Plaintiff-appellant, Malinda Simpson ("Simpson"), administratrix of the estate of Ike Lee Glenn ("Glenn"), appeals from a jury verdict in the Allen County Court of Common Pleas in favor of defendants-appellees, Dr. Sarat Kuchipudi ("Kuchipudi") and Dr. Farzin Fotouhi ("Fotouhi").
 {¶ 2} Glenn entered St. Rita's Memorial Hospital in August 2000 after he suffered chest pains and coughed up blood. Although Dr. Kuchipudi and Dr. Fotouhi treated Glenn, he died in the hospital in September 2000.
 {¶ 3} Simpson filed claims for medical malpractice and wrongful death against Dr. Kuchipudi and Dr. Fotouhi in February 2002. Shortly thereafter, Simpson voluntarily dismissed Dr. Fotouhi from the case.
 {¶ 4} Each party identified their respective expert witnesses. Specifically, Dr. Kuchipudi identified Dr. John Gerard Weg ("Weg") as an expert witness on his behalf. Simpson deposed Dr. Weg, who testified that Dr. Fotouhi performed surgery on Glenn; that in doing so, Dr. Fotouhi deviated from the applicable standard of care; and that the surgery caused Glenn's death. Following the deposition, Simpson voluntarily dismissed the case against Dr. Kuchipudi.
 {¶ 5} Simpson re-filed the claims for medical malpractice and wrongful death against both Dr. Kuchipudi and Dr. Fotouhi in February 2004. Again, each party identified their respective expert witnesses. The re-filed case proceeded uneventfully until Simpson attempted to re-depose Dr. Kuchipudi's expert, Dr. Weg. Notably, Simpson attempted to do so only five days before trial and approximately two months after the trial court's deadline for discovery. As a result, Dr. Kuchipudi and Dr. Fotouhi filed motions for a protective order to stop Simpson from deposing Dr. Weg for a second time. The trial court granted the motions and issued the protective order.
 {¶ 6} Dr. Fotouhi then filed a motion in limine to preclude Simpson from reading Dr. Weg's deposition to the jury at trial. The trial court granted the motion. Following a five day trial, the jury returned a verdict in favor of Dr. Kuchipudi and Dr. Fotouhi on both claims.
 {¶ 7} It is from this decision that Simpson appeals and sets forth three assignments of error for our review.
 ASSIGNMENT OF ERROR NO. 1 The trial court erred to Appellant's prejudice in excludingthe deposition testimony of expert, John Gerard Weg, M.D.
 {¶ 8} In her first assignment of error, Simpson argues the trial court erred when it precluded her from reading Dr. Weg's deposition to the jury at trial because Civ.R. 32(A) permitted her to do so. For the reasons that follow, we find Simpson's first assignment of error lacks merit.
 {¶ 9} A trial court has discretion to determine whether to admit or exclude evidence. Krischbaum v. Dillion (1991),58 Ohio St.3d 58, 66, 567 N.E.2d 1291. As such, we will not disturb the trial court's decision on that issue unless the trial court abused its discretion. Id. An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 10} Civ.R. 32(A) provides, in pertinent part, that a party may use "any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness where then present and testifying," against any party "who was present or represented at the taking of the deposition or who had reasonable notice thereof."
 {¶ 11} A threshold issue is whether the deposition contains testimony sufficient to establish Dr. Weg is competent to testify on the issue of liability in this case. Dr. Fotouhi argues it does not.
 {¶ 12} Evid.R. 601(D) provides an expert witness who testifies on the issue of liability in a medical malpractice case against a physician, podiatrist, or hospital must (1) be a licensed physician, osteopathic physician, or podiatrist and (2) devote at least half of his or her professional time to active clinical practice or teaching in an accredited university.[1]
 {¶ 13} The deposition at issue provides the following: Dr. Weg has "40 odd years of practice of pulmonary and critical care medicine"; Dr. Weg is board certified in internal medicine and pulmonary care medicine; Dr. Weg currently works at a hospital at the University of Michigan in Ann Arbor, Michigan; and Dr. Weg "refers" patients for the type of surgery Dr. Fotouhi performed on Glenn and he "cautions" against the surgery "when it's appropriate."
 {¶ 14} The deposition does not include testimony sufficient to establish Dr. Weg is licensed to practice medicine and that he devotes the appropriate amount of his professional time to active clinical practice or teaching. In the absence of such testimony, we cannot presume Dr. Weg meets the competency requirements set forth in Evid.R. 601(D).
 {¶ 15} Simpson argues, nevertheless, that Dr. Fotouhi had "reasonable notice" of the deposition under Civ.R. 32(A) and consequently he may not object to her reading the deposition to the jury at trial.
 {¶ 16} But Civ.R. 32(A) provides the party against whom the deposition is to be used must have had "reasonable notice" ofthe taking of the deposition, not the deposition itself. See, e.g., Markus, Trial Handbook for Ohio Lawyers (2006) 886, Section 30:2. Since Simpson dismissed Dr. Fotouhi from the initial proceeding before she deposed Dr. Weg, Dr. Fotouhi did not have "reasonable notice" of the taking of the deposition. Furthermore, Dr. Fotouhi did not have an opportunity to cross-examine Dr. Weg in the prior case, nothing required Dr. Fotouhi to depose Dr. Weg in the present case, and Simpson did not attempt to re-depose Dr. Weg in accordance with the trial court's deadline for discovery in this case.
 {¶ 17} In summary, we find the deposition does not include testimony sufficient to establish Dr. Weg is competent to testify on the issue of liability in this case. But even if it did, we also find Civ.R. 32(A) does not permit Simpson under the circumstances of this case to read the deposition to the jury at trial because of the lack of notice to Dr. Fotouhi. We must, therefore, conclude the trial court did not abuse its discretion when it precluded Simpson from reading the deposition at issue.
 {¶ 18} Simpson's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 2 The trial court erred to appellant's prejudice in overrulingAppellant's Motion to Amend Her Case to Assert a "Biddle" Claimfor Breach of Patient Confidentiality.
 {¶ 19} In her second assignment of error, Simpson alleges Dr. Kuchipudi admitted during cross-examination that he reviewed a medical chart without authorization that documented one of Glenn's prior hospital visits. From this premise, Simpson argues the trial court erred when it denied her motion to amend the pleadings on the fourth day of trial to include an additional claim for breach of patient confidentiality under Biddle v.Warren Gen. Hosp. (1999), 86 Ohio St.3d 395, 715 N.E.2d 518. We find Simpson's second assignment of error is without merit.
 {¶ 20} Civ.R. 15(B) provides:
When issues not raised by the pleadings are tried by expressor implied consent of the parties, they shall be treated in allrespects as if they had been raised in the pleadings. Suchamendment of the pleadings as may be necessary to cause them toconform to the evidence and to raise these issues may be madeupon motion of any party at any time, even after judgment.Failure to amend as provided herein does not affect the result ofthe trial of these issues. If evidence is objected to at thetrial on the ground that it is not within the issues made by thepleadings, the court may allow the pleadings to be amended andshall do so freely when the presentation of the merits of theaction will be subserved thereby and the objecting party fails tosatisfy the court that the admission of such evidence wouldprejudice him in maintaining his action or defense upon themerits. The court may grant a continuance to enable the objectingparty to meet such evidence.
"This rule conveys a liberal policy toward allowing amendments where such allowance is not sought in bad faith and does not cause undue delay or prejudice to the opposing party." State exrel. Rothal v. Smith (2002), 151 Ohio App.3d 289,2002-Ohio-7328, 783 N.E.2d 1001 at ¶ 68, citing Hall v. Bunn
(1984), 11 Ohio St.3d 118, 121, 464 N.E.2d 516; Hoover v.Sumlin (1984), 12 Ohio St.3d 1, 5, 465 N.E.2d 377.
 {¶ 21} A trial court has discretion to grant or deny a motion to amend the pleadings under Civ.R. 15(B). Spisak v. McDole
(1984), 15 Ohio St.3d 62, 63, 472 N.E.2d 347. Accordingly, we will not disturb the trial court's decision absent an abuse of discretion. Id.
 {¶ 22} We find, as did the trial court, that an amendment to the pleadings to conform to the evidence is inappropriate under the circumstances of this case. The parties did not know what medical chart or document Dr. Kuchipudi allegedly reviewed, or whether he did so without authorization. Moreover, the additional claim presented questions substantially different from those at issue, gave rise the need for extra discovery, and created a real potential for new parties, counterclaims and cross-claims, and damages. Given the foregoing, we cannot say the trial court acted unreasonably, arbitrarily, or unconscionably when it denied Simpson's motion under Civ.R. 15(B).
 {¶ 23} Simpson's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 3 The trial court erred in refusing to voir dire one of thealternate jurors about the discussions she overheard between theDefendants-Appellees during a luncheon recess.
 {¶ 24} In her third assignment of error, Simpson argues the trial court erred when it refused to voir dire the second alternate juror about a conversation she overheard during her lunch break. Simpson argues the trial court's refusal to do so prejudiced her because the second alternate juror could have
communicated information about the conversation to the other jurors. We find Simpson's third assignment of error also lacks merit.
 {¶ 25} On the fourth day of trial, the second alternate juror handed a note to the bailiff before the afternoon session began. The note read as follows: "During lunch at stop light [sic], both doctors walked up and I overheard them say, `Keep that in mind or marked for the Appeal.'"
 {¶ 26} A trial court has discretion in determining whether to voir dire a juror about a statement such as the one at issue in this case. See, e.g., Hammoud v. Cleveland Clinic Found., 8th Dist. No. 84979, 2005-Ohio-2617 at ¶ 10 (holding a trial court did not abuse its discretion when it decided not to voir dire a juror regarding a comment the juror made to counsel). Therefore, we will not reverse the trial court's decision absent an abuse of discretion. Id.
 {¶ 27} After reviewing the record, we find the trial court did not abuse its discretion when it refused to voir dire the second alternate juror. This is so because the trial courtimmediately instructed the jury to consider only the evidence the parties presented at trial, and the second alternate juror did not participate in the jury's deliberations or the verdict.
 {¶ 28} Simpson's third assignment of error is, therefore, overruled.
 {¶ 29} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Rogers, J., concurs.
 Shaw, J., concurs in judgment only.
[1] We note R.C. 2743.43, which sets forth a special statutory standard for expert competence on liability issues in a medical claim, requires the person testifying devote three-fourths of his or her professional time to the active clinical practice of medicine or surgery or teaching in an accredited university.