OPINION
{¶ 1} Defendant-appellant, Donald K. Lynch, appeals a decision of the Butler County Court of Common Pleas granting summary judgment in favor of plaintiffs-appellees, Volz Excavating, Inc. and Mark Volz, and denying Lynch's motion to amend the pleadings. For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} Mark Volz and Donald Lynch are the sole shareholders in Volz Excavating, Inc., a closely held corporation formed in June 2000. The company performs excavating and *Page 2 
construction services in subdivision developments. Volz and Lynch signed a Close Corporation Agreement ("the CCA") and adopted a Code of Regulations ("the Regulations") on July 1, 2000. The two men are equal shareholders in the company, and both also serve as officers and directors. Volz is president and secretary, and Lynch is vice president and treasurer. Both also perform the day-to-day tasks associated with the business, such as manual labor, operating and maintaining heavy equipment, and other miscellaneous tasks.
 {¶ 3} After becoming dissatisfied with Lynch's job performance, Volz gave Lynch a written notice of a special directors meeting to be held on July 12, 2005 to address the proposed termination of Lynch. Lynch admits to receiving the notice and being absent from the meeting. During the meeting, Volz moved to terminate Lynch and the motion was carried by a unanimous vote of all directors present. As Volz and Lynch were the only two directors, this consisted of one vote, Volz's.
 {¶ 4} Following his termination, Lynch refused to sell his stock in accordance with the terms of the CCA. Under the CCA, a shareholder terminated from employment is required to sell his shares of stock to the corporation or to the remaining shareholders. The shareholder is also required to appoint an appraiser to value the corporation's major construction equipment to aid in establishing the purchase price for the stock. When Lynch refused to perform these actions, Volz filed suit in October 2005. The complaint prayed for an order directing Lynch to sell his shares as outlined in the CCA. In February 2007, Volz filed a motion for summary judgment. This was followed by Lynch's motion to amend the pleadings to include a cause of action for judicial dissolution of the corporation. In a decision issued on July 7, 2007, the trial court awarded summary judgment to Volz and denied Lynch's motion to amend the pleadings. Lynch timely appeals, raising one assignment of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE COURT ERRED IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF *Page 3 
AND IN OVERRULING DEFENDANT'S MOTIONS TO AMEND THE COMPLAINT."
 {¶ 7} Lynch raises two issues for our review under his assignment of error. First, he argues that summary judgment was not proper because he was not an employee of Volz Excavating other than in his capacity as an officer and director of the corporation. Consequently, according to Lynch, he could not be fired as an employee in the manner utilized by Volz. Second, Lynch maintains that the trial court abused its discretion in denying his motion to amend the pleadings. Lynch insists that judicial dissolution of the corporation was the proper course of action because there was a deadlock in the management of the corporate affairs.
 {¶ 8} A trial court's decision on summary judgment is reviewed de novo. Burgess v. Tackas (1998), 125 Ohio App.3d 294, 296. Summary judgment is proper where (1) there are no genuine issues of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can only come to a conclusion adverse to the nonmoving party, construing the evidence most strongly in that party's favor. Civ.R. 56(C). See, also, Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66. The moving party bears the initial burden of informing the court of the basis for the motion, and demonstrating the absence of a genuine issue of material fact.Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. If the moving party meets its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing a genuine issue for trial. Id.
 {¶ 9} After thoroughly reviewing the record, we find that there are no genuine issues of fact regarding Lynch's status as an employee of the corporation. In his affidavit, Volz attested that Lynch's daily duties primarily consisted of operating and maintaining heavy equipment and performing manual labor such as shoveling dirt and gravel. Lynch does not deny that he performed these duties, or that they were indeed his main job duties. Rather, he insists that he performed all duties associated with the corporation solely while acting in *Page 4 
his capacities as officer and director.
 {¶ 10} In Kuehnl v. Indus. Comm. (1940), 136 Ohio St. 313, the Ohio Supreme Court ruled that a workers' compensation claimant was entitled to participate in the state insurance fund after being severely injured while performing manual labor at a construction site. The claimant was one of two officers and shareholders in a closely held corporation. The court held that the claimant was entitled to workers' compensation because, while he was "engaged in an employment palpably separate and distinct from the official duties falling upon him as an officer of the corporation[,]" he was acting as an employee of the corporation. Id. at 319-20, citing 71 Corpus Juris 507. Accord Hillenbrand v. Indus.Comm. (1943), 72 Ohio App. 427.
 {¶ 11} Though the present matter does not involve workers' compensation, the reasoning of the Kuehnl court is instructive. Lynch and Volz were usually the only two workers who performed the excavating services for the company, occasionally hiring help on a project-by-project basis. While Lynch was engaged in manual labor and equipment operation and maintenance, he was performing the excavation and construction services for which Volz Excavation was organized. Such duties were separate and distinct from his executive duties as an officer and director of the corporation. Indeed, such labor is not typically thought to be performed while wearing one's "officer" or "director" hats, so to speak. Lynch was wearing his "employee" hat when he engaged in these duties, and such status exposed him to termination as an employee and the resulting ramifications thereof under the CCA.
 {¶ 12} Article IV, Section 4 of the Regulations authorized Volz to call a special meeting of the Board of Directors after providing notice of the meeting to Lynch. As stated, Lynch concedes that he received notice of the July 12, 2005 special meeting, the subject of which was his proposed termination. Article IV, Section 5 of the Regulations provides that one-half *Page 5 
of the total number of directors constitutes a quorum for a special meeting. Where a quorum is present, "all acts, questions and business which may come before the meeting shall be determined by a majority of votes cast by the Directors present * * *."
 {¶ 13} Lynch's proposed termination was a business matter that fell within the above-quoted provision and could be voted on by a majority vote of all directors present at the meeting. At the July 12 meeting, Volz's presence constituted a quorum of directors and, being the sole director present, his vote to terminate Lynch constituted a unanimous and majority vote of all directors present. Had Lynch chosen to attend the meeting and vote against his termination, there would not have been a majority vote in favor of his termination. Lynch cannot choose to be absent from the meeting and thereafter assert the rules contained in the Regulations and the CCA by arguing that he was improperly terminated as an employee.
 {¶ 14} We find that the procedures followed by Volz were proper for terminating Lynch as an employee. As a result of his termination, Lynch must sell his shares in the corporation in accordance with the CCA. Section 6.D.ii. of the CCA provides that a departing shareholder must offer to sell his shares to the corporation or the other shareholders at a purchase price defined in the agreement. As part of the determination of this purchase price, the departing shareholder is required to retain an appraiser to value the major construction equipment. The "Departure of a Shareholder" is defined by the CCA as the "death, Termination of Employment, or Disability of a Shareholder[.]" The CCA defines "Termination of Employment" as "that event (other than death or Disability) which results in a shareholder no longer being an employee of the Corporation." Volz's proper firing of Lynch as an employee falls within this definition of "Termination of Employment." As a result, Lynch must sell his shares to the corporation or remaining shareholders and hire an appraiser to conduct a valuation of the major construction equipment in order to help establish the purchase price *Page 6 
for the shares.
 {¶ 15} In his second argument, Lynch argues that his motion to amend the pleadings to seek judicial dissolution of Volz Excavating was improperly denied. R.C. 1701.91 allows for judicial dissolution of a corporation when there is a deadlock in the management of the corporate affairs. Article XVII of the Regulations provides that the judicial dissolution procedures set out in R.C. 1701.91 shall not apply and, instead, R.C. 1701.91.1 shall be used to resolve the deadlock. R.C. 1701.91.1 provides for the appointment of a provisional director to resolve a deadlock when one arises. Lynch asserts that a close corporation agreement cannot lawfully alter R.C. 1701.91. See R.C.1701.591(D)(2).
 {¶ 16} A trial court's decision on a motion to amend the pleadings is reviewed for an abuse of discretion. Simpson v. Kuchipudi, Allen App. No. 1-05-50, 2006-Ohio-5163, ¶ 21. In the case at bar, the trial court did not abuse its discretion in denying Lynch's motion to amend the pleadings because the court rightly found that there was no deadlock. Lynch did not attend the July 12 special meeting and did not vote on his proposed termination at all. Without one vote for the termination and one vote against it, there was no deadlock. The deadlock provisions therefore were not invoked, and we need not address the propriety of the Regulations' use of the deadlock procedures in R.C. 1701.91.1 rather than R.C. 1701.91.
 {¶ 17} We conclude that the trial court did not err in awarding summary judgment to Volz or in denying Lynch's motion to amend the pleadings. Lynch's first assignment of error is overruled.
 {¶ 18} Judgment affirmed.
 BRESSLER, P.J., and POWELL, J., concur. *Page 1