OPINION
{¶ 1} Plaintiff-appellant, Sherra Mulholland, appeals a Hamilton County Court of Common Pleas, Domestic Relations Division, decision which granted her a divorce from defendant-appellee, Daniel Mulholland, and incorporated parts of an in-court settlement agreement. We affirm the trial court's decision.
 {¶ 2} In November 2002, Sherra filed a complaint for divorce. After months of contentious litigation and numerous filings, the parties entered into an in-court settlement agreement before the magistrate on September 3, 2003. The agreement was read into the record with the understanding that the terms would be incorporated into a final decree of divorce. Both parties acknowledged that the agreement was fair and equitable.
 {¶ 3} However, by the time the parties appeared before the common pleas court on September 19, 2003, some terms of the settlement agreement remained unclear and unresolved. The court asked each party to submit proposed decrees. Using the transcript from the earlier hearing, the parties' settlement agreement, and the submitted decrees, the court issued a divorce decree that best represented the adopted agreement.
 {¶ 4} Proceeding pro se, Sherra now appeals the decision, raising five assignments of error which shall be addressed out of order for the purpose of clarity.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "The trial court abused its discretion in modying [sic] The parties [sic] in court settlement agreement without their agreement."
 {¶ 7} Assignment of Error No. 4:
 {¶ 8} "The trial court abused its discretion in modifying the parties [sic] in court settlement agreement which effected [sic] child support and spousal support provisions of the in court settlement agreement."
 {¶ 9} Assignment of Error No. 5:
 {¶ 10} "The trial court abused its discretion in modifying the parties [sic] in court settlement agreement regarding the parenting provisions of the in court settlement agreement which could be harmful to the children, and cause continual litigation before the court."
 {¶ 11} Sherra's general argument in the above assignments of error is that the trial court abused its discretion when it altered the terms of the parties' September 3 in-court settlement agreement before the magistrate. Specifically, she argues that the court erred when it allegedly modified terms concerning her receipt of spousal and child support. Sherra, the designated residential parent and legal custodian of the parties' two children, also contends that the court improperly omitted language detailing Daniel's visitation rights. In support of her contention, Sherra cites Walther v. Walther (1995), 102 Ohio App.3d 378, for the proposition that an in-court settlement agreement constitutes a binding contract.
 {¶ 12} Sherra's argument, however, is based on an incomplete reading of Walther. The court explained its own role in the process as follows:
 {¶ 13} "[W]hen the parties enter into an in-court settlement agreement, so long as the court is satisfied that it was not procured by fraud, duress, overreaching or undue influence, the court has thediscretion to accept it without finding it to be fair and equitable. * * * In the absence of fraud, duress, overreaching or undue influence, or of a factual dispute over the existence of terms in the agreement, the courtmay adopt the settlement as its judgment." (Emphasis added.) Id. at 383.
 {¶ 14} Thus, while the agreement constitutes a binding contract on the parties, the court can exercise its discretion in determining whether to accept the terms of the agreement.
 {¶ 15} R.C. 3105.10(B)(2) specifically provides a trial court with the authority to enforce separation agreements as follows:
 {¶ 16} "A separation agreement that was voluntarily entered into by the parties may be enforceable by the court of common pleas upon the motion of either party to the agreement, if the court determines that it would be in the interests of justice and equity to require enforcement of the separation agreement."
 {¶ 17} The decision to enforce a separation agreement is a discretionary one and will not be reversed on appeal absent an abuse of discretion. Schneider v. Schneider (1996), 110 Ohio App.3d 487, 491. An abuse of discretion is more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 18} In the instant matter, Sherra's proposed language for spousal and child support precluded her from pursuing an increase in spousal or child support and likewise, Daniel from pursuing a decrease in the same. She argues that the court fundamentally changed the settlement agreement when it included language that would allow either party to initiate a modification in child support.
 {¶ 19} However, the trial court maintained the basic frame-work of the agreement. The in-court settlement agreement stated that spousal support would increase or decrease depending upon the amount of child support such that the combined support totaled $2,500. The divorce decree specifies that "if the child support is modified for any reason (except if the modification is initiated by either party)," the spousal support will increase or decrease in an inversely proportionate amount such that the combined monthly support will be no greater than $2,500.
 {¶ 20} The divorce decree does allow either party to initiate a change to child support contrary to the in-court settlement. The added language in the decree could, in theory, allow Sherra to pursue an increase in child support that would not result in decreased spousal support. If Daniel pursued a decrease in child support, Sherra's spousal support would remain the same. Applying the abuse of discretion standard, we cannot say that the trial court's decision was unreasonable, arbitrary or unconscionable.
 {¶ 21} Sherra also argues that changes to the child visitation and custody language constitute an abuse of discretion. We disagree. She contends that the trial court removed language of the in-court settlement that referred to an earlier temporary parental rights order issued pursuant to Civ.R. 75(N). The order designated parenting time according to a doctor's recommendations. The corresponding decree provision is nearly identical. The court simply chose not to specify that Daniel's weekday visitation occur "on the same day each week" as stated in the doctor's report. Instead, the divorce decree states that Daniel is entitled to parenting time "one night during the week." We find the court acted well within its discretion when it made this change. Accordingly, Sherra's first, fourth and fifth assignments of error are overruled.
 {¶ 22} Assignment of Error No. 2:
 {¶ 23} "It is an abuse of discretion to go forward on the final hearing when no agreement has been filed of record."
 {¶ 24} In her second assignment of error, Sherra claims the trial court erred when it held the final merits hearing on September 18 because there were unresolved issues concerning property division, allocation of parental rights, and support. Additionally, no Request for Merit Setting entry had been filed.
 {¶ 25} Loc.R. 9.0 of the Court of Common Pleas of Hamilton County, Domestic Relations Division, provides the following:
 {¶ 26} "A final merits hearing will not be scheduled until all issues concerning property division, allocation of parental rights and responsibilities and support have been resolved either by agreement or by court order. A Request for Merit Setting entry * * * must be filed with the Domestic Relations Docket Office * * * prior to the date being set for the final merits hearing."
 {¶ 27} After reviewing the record, we agree that such entry was not filed. However, an appellate court will not consider any error which counsel for the complaining party could have called, but did not call, to the trial court's attention at a time when the error could have been avoided or corrected. McAndrews v. McAndrews (Jan. 24, 1996), Hamilton App. No. C-940684, citing First Federal S. L. Assn. of Akron v. Cheton Rabe (1989), 57 Ohio App.3d 137. We note that Sherra, now a pro se appellant, had legal representation at the September 18, 2003 hearing. No objection was raised to proceeding on the merits of the divorce nor was there any dispute as to the incompatibility to which both parties testified. Thus, we overrule the second assignment of error.
 {¶ 28} Assignment of Error No. 3:
 {¶ 29} "The court abused its discretion in refusing to hear a pending motion for attorneys fees."
 {¶ 30} Sherra argues in her third assignment of error that the trial court abused its discretion when it refused to hear her pending motion for attorney's fees. We find this argument lacks merit. The award of attorney's fees in a divorce proceeding is within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. See Walther, 102 Ohio App.3d at 383-384.
 {¶ 31} R.C. 3105.18(H) provides that a court "may award reasonable attorney's fees to either party at any stage of the proceedings * * *." The court did not abuse its discretion when it informed Sherra that the court would address attorney's fees post-decree. This assignment of error is overruled.
 {¶ 32} Judgment affirmed.
Walsh and Valen, JJ., concur.
Young, P.J., of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.
Walsh, J., of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.
Valen, J., of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.
 JUDGMENT ENTRY
The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.
It is further ordered that a mandate be sent to the Hamilton County Court of Common Pleas, Domestic Relations Division, for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
Young, Presiding Judge, Walsh, Judge, Valen, Judge.