[Cite as *Waites v. Waites*, 2011-Ohio-1504.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| DEBRA M. WAITES | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| ROBERT L. WAITES | : | Case No. 10-CA-46 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 08DR360


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    March 23, 2011


APPEARANCES:

For Plaintiff-Appellee

THOMAS C. LIPP
123 South Broad Street
Suite 309
Lancaster, OH  43130

For Defendant-Appellant

PHILIP L. PROCTOR
P.O. Box 4803
Newark, OH  43058

*Farmer, P.J.*

{¶1} On April 12, 1986, appellant, Robert Waites, and appellee, Debra Waites were married. Appellee filed a complaint for divorce on July 2, 2008. Three children were born of the marriage, with two children being emancipated at the time of the filing.

{¶2} On November 17, 2009, a divorce hearing was held wherein the parties submitted a settlement agreement. Appellee's counsel agreed to submit a proposed judgment entry based upon the terms of the settlement agreement.

{¶3} Appellee's counsel prepared the judgment entry, but appellant objected to the terms, citing three key areas: spousal support, life insurance, and retirement assets.

{¶4} On May 3, 2010, appellant filed a motion to dismiss or to set aside settlement memorandum. A non-oral hearing was set before a magistrate, and the magistrate determined the matter would be decided upon the affidavits, memoranda, and documents submitted by the parties. By judgment entry filed June 18, 2010, the magistrate and the trial court ordered each party to submit a proposed judgment entry. The trial court adopted appellee's proposed judgment entry decree of divorce on June 21, 2010.

{¶5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶6} "THE TRIAL COURT ABUSED ITS DISCRETION BY SUMMARILY ADOPTING APPELLEE'S VERSION OF THE SETTLEMENT AGREEMENT AS THE DIVORCE DECREE BECAUSE IT DOES NOT REPRESENT THE ACTUAL SETTLEMENT OF THE PARTIES AND THE SETTLEMENT MEMORANDUM IS TOO

AMBIGUOUS TO DETERMINE ANY CLEAR MEANING OR INTENT OF THE PARTIES."

II

{¶7} "THE TRIAL COURT ABUSED ITS DISCRETION BY NOT CONDUCTING A STATUTORY FACTOR ANALYSIS FOR SPOUSAL SUPPORT AND BY USING FIN PLAN AS A SUBSTITUTE FOR A FACTOR ANALYSIS."

I

{¶8} Appellant claims the trial court erred in adopting appellee's version of the settlement agreement without conducting a hearing to review or clear up the ambiguities. We disagree.

{¶9} "Absent fraud, duress, overreaching, or undue influence, a settlement agreement entered into by parties in a divorce is enforceable." *Haas v. Bauer,* 156 Ohio App.3d 26, 2004-Ohio-437, ¶16. As explained by our brethren from the First District in *Mulholland v. Mulholland,* Hamilton App. No. C-030931, 2005-Ohio-1196, ¶15-17:

{¶10} "R.C. 3105.10(B)(2) specifically provides a trial court with the authority to enforce separation agreements as follows:

{¶11} " 'A separation agreement that was voluntarily entered into by the parties may be enforceable by the court of common pleas upon the motion of either party to the agreement, if the court determines that it would be in the interests of justice and equity to require enforcement of the separation agreement.'

{¶12} "The decision to enforce a separation agreement is a discretionary one and will not be reversed on appeal absent an abuse of discretion. *Schneider v. Schneider* (1996), 110 Ohio App.3d 487, 491, 674 N.E.2d 769. An abuse of discretion

is more than an error of law or judgment; it implies that the trial court acted unreasonably, arbitrarily, or unconsciously. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140."

{¶13} Appellee and her counsel and appellant's counsel were present at the November 17, 2009 hearing wherein the settlement agreement was memorialized for the record. The only clarification offered during the hearing pertained to the modification of the spousal support agreement:

{¶14} "MR. McCOY: I'm sorry, there's a preliminary matter, there's one thing I want to point out; and that is that in the memorandum entry we've agreed for spousal support for a period of ten years starting I think it was July of '08. And we are making that modifiable by the Court.

{¶15} "***

{¶16} "MR. LIPP: The amount is modifiable.

{¶17} "JUDGE MOWRY: The amount but not the duration.

{¶18} "MR. LIPP: Not the duration is not modifiable.

{¶19} "JUDGE MOWRY: Okay.

{¶20} "MR. McCOY: Duration is modifiable. In other words, it can be shortened if there would be remarriage or cohabitation and that type of thing.

{¶21} "JUDGE MOWRY: Well, that's a termination. That's not a mod- - - so it can terminate on certain events.

{¶22} "MR. LIPP: Well, there's certain events that will terminate it; and we're - - that cannot be modified, those certain events.

{¶23} "JUDGE MOWRY: Okay.

{¶24} "MR. LIPP: The amount can be modified.

{¶25} "JUDGE MOWRY: So we can crunch numbers, but the only way the duration would change is if we reach an event that terminates it. So it could terminate earlier, but the maximum length is ten years.

{¶26} "MR. MCCOY: That's correct.

{¶27} "MR. LIPP: That's correct." T. at 3-5.

{¶28} Appellee was specifically questioned on direct examination about the settlement agreement:

{¶29} "Q. Did you read and understand a memorandum entry and attachments to the memorandum entry?

{¶30} "A. Yes, I did.

{¶31} "Q. Do they represent what you want the Court to approve and incorporate into a final decree of divorce?

{¶32} "A. Yes, it does.

{¶33} "Q. Do they represent a fair and equitable distribution of your marital property and debt?

{¶34} "A. Yes, it does.

{¶35} "Q. Does it represent proper support?

{¶36} "A. Yes, it does.

{¶37} "Q. Does it represent what is in the best interest of the remaining minor child?

{¶38} "A. Yes, it does." T. at 7-8.

{¶39} Appellant was not questioned as he was not present for the hearing, but "was present for the signing of the documents." T. at 2. Appellant's counsel was present to represent his interests. Id.

{¶40} The trial court adopted the settlement "agreement that you've entered into, ma'am, and that you, Mr. McCoy, and your client have signed as well." T. at 11. The trial court then asked counsel about the judgment entry decree of divorce:

{¶41} "JUDGE MOWRY: ***Who is going to do the entry?

{¶42} "MR. LIPP: I guess I can do it, if you want, Carl.

{¶43} "MR. McCOY: You're the only one that can read it." Id. See, also, Memorandum Entry filed November 17, 2009.

{¶44} Apparently, appellee's counsel submitted a proposed judgment entry in April of 2010. On May 3, 2010, appellant filed a motion to dismiss or to set aside settlement memorandum. A non-oral hearing was set before a magistrate, and the magistrate determined the matter would be decided upon the affidavits, memoranda, and documents submitted by the parties. See, Notice of Non-Oral Hearing filed May 5, 2010 and Magistrate's Orders filed June 1 and 9, 2010. Counsel for both parties agreed to this procedure as evidenced by their signature and/or approval on the magistrate's orders. Thereafter, the magistrate and the trial court ordered the following via judgment entry filed June 18, 2010:

{¶45} "In this case, as has been this Court's practice since its inception, the remedy for such a disagreement is for the parties to file their own version of a final decree for the Court's consideration. The Court may adopt one version or merge the submitted versions into its own decree based on the Memo Entry and testimony.

{¶46} "Wherefore, the Court Orders that each party shall submit a final Decree of Divorce for the Court's consideration within 30 days."

{¶47} The trial court adopted appellee's proposed final judgment entry decree of divorce on July 21, 2010.

{¶48} Appellant now objects to this procedure, and argues an evidentiary hearing should have been held. As noted supra, the parties agreed via the June 1 and 9, 2010 magistrate's orders to proceed without testimony.

{¶49} Civ.R. 53 governs magistrates. Subsection (D)(2)(b) provides the following:

{¶50} "*Motion to set aside magistrate's order.* Any party may file a motion with the court to set aside a magistrate's order. The motion shall state the moving party's reasons with particularity and shall be filed not later than ten days after the magistrate's order is filed. The pendency of a motion to set aside does not stay the effectiveness of the magistrate's order, though the magistrate or the court may by order stay the effectiveness of a magistrate's order."

{¶51} No motions to set aside the magistrate's orders were filed. We conclude appellant's argument regarding the necessity of an evidentiary hearing is without merit.

{¶52} Appellant also argues the trial court's interpretation of the settlement agreement was in error.

{¶53} Appellant argues the spousal support award of $350.00 then $300.00 following the minor child's emancipation was a per *month* agreement, not a per *week* agreement. This court, as well as the trial court, is blessed with having the original settlement agreement to review: Memorandum Entry filed November 17, 2009. In

reviewing this document, approved by appellant, it is clear that the spousal support award was to be per *week*. The word *"month"* is clearly crossed out and the parties initialed the change.

{¶54} Appellant argues the pension distribution (ING Account and Buckeye Ready Mix Profit-Sharing Plan) was in error. The settlement agreement clearly included the following: "she gets ING acct.***split the profit sharing."

{¶55} Appellant also argues the following life insurance decision was not included in the settlement agreement:

{¶56} "XV. LIFE INSURANCE: The Defendant shall pay for and maintain all life insurance on his life which is available through his present or future employers, including any optional life insurance available on his life, and shall name the Plaintiff as sole and exclusive beneficiary on any and all said life insurance on his life which is available through his place of employment and Defendant shall be required to comply with this life insurance provision until Plaintiff's death." Judgment Entry Decree of Divorce filed July 21, 2010.

{¶57} However, the settlement agreement clearly sets forth the following:

{¶58} "He carry her as sole beneficiary on life insurance available through work – she can also purchase extra life insurance on his life and he will cooperate."

{¶59} We find the trial court's interpretation of the settlement agreement was correct.

{¶60} Assignment of Error I is denied.

II

{¶61} Appellant claims the trial court erred in failing to do an independent analysis on spousal support.  We disagree.

{¶62}  On the issue of spousal support, the trial court stated the following in its July 21, 2010 judgment entry decree of divorce:

{¶63}  "7. The division of property is fair, just and equitable and further, the division of marital property has been made in compliance with O.R.C. §3105.717.  Each party, by his/her signature on the Memorandum Entry, hereby waives any right to findings of fact and conclusions of law regarding property and debt division matters, spousal support matters and other matters required by the Ohio Revised Code and therefore, this Court is not required to make such findings of fact and conclusions of law as required by the Ohio Revised Code.  This Court finds that the division of property and debts as set forth herein is equitable within the meaning of the Ohio Revised Code based upon the testimony at the final trial and the signatures of both parties on the Memorandum Entry.

{¶64}  "IV. SPOUSAL SUPPORT: ***The spousal support obligation of the Defendant set forth herein shall be modifiable and subject to the continuing jurisdiction of this Court.***Please see attached Fin Plan which sets forth how this Court arrived at spousal support amount of $300.00 per week, plus processing charge as set forth herein."

{¶65}  We find the analysis called upon by the trial court was to interpret the parties' settlement agreement.  The "Fin Plan" analysis was mere "window dressing" to a spousal support order that the trial court found to be enforceable and consistent with

the settlement agreement submitted to the trial court during the November 17, 2009 hearing.

{¶66}  Assignment of Error II is denied.

{¶67}  The judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is hereby affirmed.

By Farmer, P.J.

Wise, J. and

Edwards, J. concur.


 s/ Sheila G. Farmer_____


 s/ John W. Wise_____


 s/ Julie A. Edwards_____

JUDGES


SGF/sg 314

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT


DEBRA M. WAITES                          :
                                         :
    Plaintiff-Appellee                   :
                                         :
-vs-                                     :          JUDGMENT ENTRY
                                         :
ROBERT L. WAITES                         :
                                         :
    Defendant-Appellant                  :          CASE NO. 10-CA-46


       For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division is affirmed.  Costs to appellant.



                                          _s/ Sheila G. Farmer_____


                                          _s/ John W. Wise_____


                                          _s/ Julie A. Edwards_____

                                               JUDGES