OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Claimant-Appellant, Brian Kosky, appeals the decision of the Belmont County Court of Common Pleas which affirmed the Unemployment Compensation Review Commission's decision disallowing his claim for unemployment compensation benefits. The issue before this court is whether the trial court's conclusion that the Review Commission's decision was not unlawful, unreasonable, or against the manifest weight of the evidence is correct.
 {¶ 2} Kosky's arguments demonstrate that he disagrees with the Review Commission's decision, but they fail to demonstrate how that decision is unlawful, unreasonable, or against the manifest weight of the evidence. Since the Review Commission's findings are supported by competent, credible evidence and its decision appears otherwise lawful and reasonable, the trial court's decision is affirmed.
 Facts {¶ 3} Kosky was hired by American Energy in October 2001 to be an equipment operator in a mine. When he was hired he attended an orientation session where most people were handed employee handbooks. But American Energy did not have enough handbooks at the time and Kosky never received one. That handbook stated that, pursuant to American Energy's attendance policy, two unexcused absences in a thirty-day period was grounds for termination. American Energy's Human Resources Director, Michael Cutlip, helped run the orientation meeting and stated that he stressed the attendance policy at the orientation meeting very strongly since attendance was important to American Energy. Soon after Kosky began working he missed a day of work because he read his work schedule incorrectly. American Energy once again fully reviewed the attendance policy with him at that time.
 {¶ 4} According to American Energy's files, Kosky had two unexcused absences in a thirty-day period, on February 11, 2002, and February 21, 2002. When Kosky appeared for work on February 24, 2002, he was told to go home and report in the next day for a meeting with Cutlip and the mine manager. At that meeting, Kosky explained that he had car trouble on the 21st, but admitted that his wife's car was working. American Energy decided Cutlip had two unexcused absences within thirty days and fired Kosky.
 {¶ 5} Kosky subsequently filed an application for unemployment compensation benefits. That claim was disallowed at all administrative levels.
 {¶ 6} Kosky then appealed the administrative decision to the trial court. After the parties filed their briefs, the trial court entered judgment. It concluded that the Review Commission's findings of fact were supported by competent, credible evidence and that its decision was not unlawful, unreasonable, or against the manifest weight of the evidence.
 {¶ 7} Kosky believes the trial court erred when it affirmed the Review Commission's decision to deny his claim for unemployment compensation benefits. He bases his argument on four alleged errors. First, he challenged the trial court's decision to affirm the Review Commission's findings of fact. He then claims the trial court erred because it denied the claim on a basis different than that relied upon by the Review Commission. Third, Kosky claims the trial court erred when it permitted the Review Commission to decide the case without deciding whether the decision to fire him for a violation of the policy was pretextual. Finally, he claims the trial court erred when it affirmed the Review Commission's decision because both it and the Review Commission failed to liberally construe the statute governing unemployment compensation benefits.
 {¶ 8} Both American Energy and the Director have filed briefs in response to Kosky's arguments. American Energy argues the trial court applied the correct standard of review to Kosky's case. It then argues that the trial court's findings of fact were supported by the evidence. The Director argues that substantial evidence in the record supports the Review Commission's factual findings.
 Standard of Review {¶ 9} A claimant bears the burden of proving his entitlement to unemployment compensation benefits. Irvine v. Unemp. Comp.Bd. of Review (1985), 19 Ohio St.3d 15, 17. Pursuant to R.C.4141.282(H), a trial court may review the Review Commission's decision concerning the award or denial of unemployment benefits. The trial court may reverse the commission only when it finds the decision to be "unlawful, unreasonable or against the manifest weight of the evidence." R.C. 4141.282(H).
 {¶ 10} The trial court's determination may, in turn, be appealed to this court. Our standard of review is the same as that of the trial court and the Review Commission's decision may only be reversed when it is unlawful, unreasonable or against the manifest weight of the evidence. Tzangas, Plakas Mannos v.Ohio Bur. of Emp. Serv. (1995), 73 Ohio St.3d 694, paragraph one of the syllabus. "This standard of review is inherently limited. Neither the common pleas court nor the court of appeals is permitted to make factual findings or determine the credibility of witnesses." Wilson v. Matlack, Inc. (2000),141 Ohio App.3d 95, 99. On review of purely factual questions, both we and the trial court are limited to determining whether the Review Commission hearing officer's determination is supported by the evidence in the record. Tzangas at 696. If, based on the evidence, reasonable minds could differ, we must uphold the Review Commission's decision. Irvine at 18.
 Unexcused Absence on February 11 {¶ 11} Kosky first argues that the Review Commission's decision is against the manifest weight of the evidence since Cline stated that he believed Kosky was at work on February 11, 2002. According to Kosky, this is a judicial admission which is inherently reliable. He apparently believes that the Review Commission was required to give this "admission" great weight due to its "reliability" and that any decision disagreeing with this statement is against the manifest weight of the evidence.
 {¶ 12} Initially, we note that although Kosky claims that American Energy should be bound by Cline's statement that he believed Kosky must have been at work on February 11, 2002, American Energy argues that Kosky admitted that he was not at work on that day. In response to a request for information from the Ohio Department of Job and Family Services Kosky stated that he missed work due to sickness and vehicle problems. American Energy argues that this statement is an admission by Kosky that he had two unexcused absences from work. American Energy contends that Kosky is being disingenuous when arguing that American Energy should be bound by its admission while ignoring the effect of his own.
 {¶ 13} Even though the parties argue that their cases are proven by these admissions, the statements are merely facts the Review Commission had to consider when making its decisions. Kosky's argument that Amercian Energy should be bound by Cline's statement is based on Evid.R. 801(D)(2)(d). That rule states that an out-of-court statement offered against a party is not hearsay if it is a statement by the party's agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship. Evid.R. 802 states that hearsay is inadmissible to prove the truth of the matter asserted. Accordingly, Evid.R. 801(D)(2)(d) is defining whether an out-of-court statement is or is not admissible; it is not prescribing the weight the fact-finder must give to those statements.
 {¶ 14} It is fundamental that the trier of fact is primarily responsible for weighing the evidence and determining the credibility of the witnesses. State v. Coley (2001),93 Ohio St.3d 253, 263; State v. Creamer (Nov. 24, 1999), 7th Dist. No. 97-JE-27. In unemployment compensation cases, the determination of whether just cause exists is a purely factual question which lies primarily within the province of the Review Commission.Irvine at 17.
 {¶ 15} In this case, the evidence supports the Review Commission's finding that Kosky did not report to work on February 11, 2002. Kosky testified he believed he was there and just forgot to clock in. Cline testified that he could not remember whether Kosky reported for work that day, but did remember that the work got done and that it couldn't have been done without an equipment operator. He also stated that he didn't remember having a replacement equipment operator sent down to him. So Cline concluded that Kosky must have been present. But Cline also testified that every day he wrote down who was present and turned that into the main office. The company's records show that Kosky was absent on February 11, 2002. He was not paid for working that day. He did not complain about failing to work on that day. When first asked by the Department why he was absent that day, he replied that he was sick.
 {¶ 16} Clearly, the evidence in this case conflicts. But it is the fact-finder's duty to resolve that conflict. Both we and the trial court are prevented from questioning that resolution. The Review Commission decided Kosky did not report to work on February 11, 2002. As this conclusion is supported by the evidence, the trial court correctly decided not to reverse the Review Commission's decision. Kosky's arguments to the contrary are meritless.
 Attendance Policy {¶ 17} Kosky also challenges the Review Commission's finding that he was adequately informed of American Energy's attendance policy. But this argument ignores our standard of review. Kosky testified that he did not receive an employee handbook detailing the attendance policy and was never informed of the policy. Cutlip testified that he stressed the attendance policy "very strongly" at Kosky's orientation and that American Energy "fully reviewed" the attendance policy with Kosky after the first time he misread his work schedule. Clearly, there is a dispute between the parties, but the fact-finder must resolve these disputes. Although Kosky may disagree with the Review Commission's finding of fact, it is supported by the evidence. Accordingly, his argument that the Review Commission's decision is against the manifest weight of the evidence is meritless.
 Reasons Supporting Decision {¶ 18} Kosky next argues that the trial court erred when it made its decision since it relied upon a basis to support the administrative decision other than that relied upon by the Review Commission. Kosky bases this argument on the brief American Energy filed in the trial court. In that brief, American Energy argued that Cline did not have authority to speak on the subject of attendance and, therefore, that his statement was not an admission under Evid.R. 801(D)(2)(d). And Kosky is correct that the Review Commission did not find that Cline did not have authority to make the statement. But what Kosky ignores is that the trial court did not use this statement as the basis of its opinion. The trial court called Cline's statement an admission and treated it as such. The trial court did not rely on the statement in American Energy's brief, so it could not have erred merely because American Energy made the statement.
 Pretextual Dismissal {¶ 19} Kosky then argues the Review Commission's decision was unlawful since it did not consider whether his dismissal was pretextual. Kosky argued to the hearing officer that he was actually fired because he criticized some of the ways that management was running the mine. But he presented no evidence of this besides his own speculation. Furthermore, Cutlip testified that American Energy always fired employees who violated the attendance policy. Kosky's argument that the Review Commission erred by not considering this is meritless.
 Liberal Application of R.C. Chapter 4141 {¶ 20} Kosky finally argues that the trial court and the Review Commission erred since they did not liberally apply R.C. Chapter 4141 in Kosky's favor. But he fails to explain how a liberal interpretation of the statute would allow him to recover benefits in this case. The Review Commission found Kosky violated American Energy's attendance policy by being absent from work without an excuse twice within thirty days. Under any reasonable interpretation of the statute this would be called just cause for Kosky's dismissal. The fact that a court must liberally construe a statute in favor of a claimant does not mean it must liberally construe the facts in a particular case in favor of the claimant. This argument is also meritless.
 Conclusion {¶ 21} All of Kosky's arguments demonstrate that he strongly disagrees with the Review Commission's decision. But he fails to show how that decision is unlawful, unreasonable, or against the manifest weight of the evidence. Instead, he a rgues that the trial court ignored the evidence supporting his argument. As such, we conclude that the Review Commission's findings are supported by competent, credible evidence.
 {¶ 22} Accordingly, Kosky's assignments of error are meritless and the judgment of the trial court is affirmed.
Judgment affirmed.
Donofrio and Vukovich, JJ., concur.