OPINION
{¶ 1} Appellant, the Director of the Ohio Department of Job and Family Services, appeals from a Jefferson County Common Pleas Court judgment finding that appellee, Linda Davis, is entitled to collect unemployment compensation.
 {¶ 2} Appellee was employed at Original DiCarlo's Pizza Crust Co. (DiCarlo's Pizza) from April 1998 until she was fired on November 5, 2003. Until November 1, 2003, Frank and Norma Orlando had owned DiCarlo's Pizza. The Orlandos then sold the corporation to Jeff Anderson. Anderson retained all of the employees at the time.
 {¶ 3} When the Orlandos owned the company, the employees were paid for the two-week period that concluded with that payday. However, Anderson, as the new owner, determined that he would pay the employees for the previous two weeks' work. In other words, under the old pay system, employees were paid for the current twoweek period including the Friday payday. Under the new pay system, the pay would be delayed one week so that employees would not get paid for the Friday payday until the next paycheck. The result of the switch in the pay systems was that for the first paycheck issued by Anderson, the employees were only paid for one week instead of two in order to implement the new pay system.
 {¶ 4} Appellee reported to work on November 5, 2003. When she learned that her next paycheck would only be for one week's pay instead of two weeks' pay, appellant refused to work. She asked to speak to Anderson about it. Appellee contends that Anderson refused to talk to her about the new pay system. He told her that if she did not go back to work, he would fire her. Appellant contends that appellee refused to allow the other employees to work. Anderson told the employees that if they did not return to work, he would fire them. All but appellee returned to work. Appellee still insisted on an explanation from Anderson. Anderson told appellee again to get back to work or she would be fired. Appellee refused to work, so Anderson fired her. Appellee then refused to leave the premises. Consequently, Anderson called the police who escorted appellee from the building.
 {¶ 5} Appellee filed a claim for unemployment compensation. The director allowed her claim. Appellant requested a re-determination. The director upheld his original decision allowing the claim. Appellant filed an appeal with the Review Commission (commission). A hearing officer held a hearing at which appellee failed to appear. The hearing officer determined that appellee was discharged for just cause and was therefore not entitled to unemployment benefits. Appellee filed a request for an appeal with the commission but the commission denied her request.
 {¶ 6} Appellee subsequently filed an appeal in the trial court. The trial court reviewed the director's file and the commission's file. It found that the commission's decision was unreasonable because there was not just cause for appellee's termination and there was just cause for her actions. Therefore, it reversed the commission's decision and held that appellee was entitled to benefits.
 {¶ 7} Appellant filed a timely notice of appeal on November 29, 2004.
 {¶ 8} Appellant raises one assignment of error, which states:
 {¶ 9} "The common pleas court erred in reversing the ohio unemployment compensation review commission's decision that appellee was discharged from her employment with just cause where that decision was not unlawful, unreasonable, or against the manifest weight of the evidence."
 {¶ 10} Appellant argues that appellee was discharged from her employment for just cause and is, therefore, precluded from receiving unemployment compensation. It claims that the trial court erred by independently weighing the evidence and assigning credibility.
 {¶ 11} A claimant bears the burden of proving her entitlement to unemployment compensation benefits. Kosky v. Am. Gen. Corp., 7th Dist. No. 03-BE-31, 2004-Ohio-1541, at ¶ 9. An unsatisfied claimant may appeal the commission's decision to the trial court. R.C. 4141.282(A). The trial court shall reverse, vacate, modify, or remand the commission's decision if it finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence. R.C. 4141282(H). If the court does not find that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, then the court shall affirm the decision. Id.
 {¶ 12} A party unsatisfied with the trial court's decision may appeal to the court of appeals. The appellate court, like the trial court, is limited to reviewing whether the decision is supported by evidence in the record. Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv. (1995),73 Ohio St.3d 694, 696, 653 N.E.2d 1207, citing Irvine v. Unemp. Comp.Bd. of Review (1985), 19 Ohio St.3d 15, 18, 482 N.E.2d 587, 590. We can only reverse a "just cause" determination by the commission if it is unlawful, unreasonable, or against the manifest weight of the evidence. Id.
 {¶ 13} Appellee had the burden to prove that she was entitled to unemployment benefits. See Irvine, 19 Ohio St.3d at 17. The only way she could prove that she was entitled to benefits would be to prove that she was not fired for just cause. Pursuant to R.C. 4141.29(D)(2)(a), a claimant is not entitled to benefits if she was discharged for just cause in connection with her work. The Ohio Supreme Court has examined what constitutes just cause in the unemployment compensation area as follows:
 {¶ 14} "The term `just cause' has not been clearly defined in our case law. We are in agreement with one of our appellate courts that `[t]here is, of course, not a sliderule definition of just cause. Essentially, each case must be considered upon its particular merits. Traditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.' Peyton v. Sun T.V. (1975), 44 Ohio App.2d 10, 12,335 N.E.2d 751.
 {¶ 15} "The determination of what constitutes just cause must be analyzed in conjunction with the legislative purpose underlying the Unemployment Compensation Act. Essentially, the Act's purpose is `to enable unfortunate employees, who become and remain involuntarily
unemployed by adverse business and industrial conditions, to subsist on a reasonably decent level and is in keeping with the humanitarian and enlightened concepts of this modern day.' (Emphasis sic.) Leach v.Republic Steel Corp. (1964), 176 Ohio St. 221, 223, 199 N.E.2d 3; accordNunamaker v. United States Steel Corp. (1965), 2 Ohio St.2d 55, 57,206 N.E.2d 206. Likewise, `[t]he act was intended to provide financial assistance to an individual who had worked, was able and willing to work, but was temporarily without employment through no fault or agreement of his own.' Salzl v. Gibson Greeting Cards (1980),61 Ohio St.2d 35, 39, 399 N.E.2d 76." Id.
 {¶ 16} This case depends on whether the commission's decision that appellee was terminated for just cause was unreasonable, unlawful, or against the weight of the evidence. It appears that the trial court substituted its judgment for that of the commission.
 {¶ 17} The evidence before the commission consisted of appellee's version of events, as stated by her in a request for information in the director's file, and Anderson's testimony at the commission hearing. The evidence was as follows.
 {¶ 18} Appellee provided her version of what happened the day she was fired. She stated that when she tried to talk to Anderson about the pay system, he would not listen to her. She then told him she was going on strike. He told her that she could not go on strike and that she was fired. Anderson told her to leave. She refused. Anderson called the police. The police arrived, took appellee's statement, and she left without incident.
 {¶ 19} The director concluded that there was not enough fault on appellee's part in her acts, omissions, or course of conduct that an ordinary person would find the discharge justifiable.
 {¶ 20} At the commission hearing, Anderson testified that on the day he fired appellee, she said she was on strike and would not let the other employees work. He stated that he asked her three times if she was going to work and she said "no" each time. So Anderson told appellee she was terminated. He stated that appellee told him she was not leaving. And when she refused to leave, Anderson called the police. He stated that she left with "a little bit of trouble with them." However, the police report stated that appellee left without incident. Anderson stated that because of appellee's actions, he lost an hour and a half of wages for each employee and an hour and a half of labor.
 {¶ 21} The hearing officer found that appellee created an illegal work stoppage by refusing to work or to allow others to work. He stated that the uncontradicted testimony established that appellee refused to leave work after instructed and after creating an illegal work stoppage. He concluded that appellee's conduct disrupted work and that she was discharged for insubordination and misconduct.
 {¶ 22} Based on the evidence, the trial court erred by substituting its judgment for the commission's judgment. There is little dispute over what occurred the day appellee was terminated. The argument here is whether appellee's actions constituted just cause for her termination. "What constitutes just cause is a question of fact, and purely factual questions are the exclusive province of the commission. In undertaking a review of their decision, this Court must ascertain only whether it is supported by the record." (Internal citations omitted.) SummitvilleTiles, Inc. v. Director, Ohio Dept. of Job and Family Services, 7th Dist. No. 01-Co-17, 2002-Ohio-3004, at ¶ 17, citing Irvine,19 Ohio St.3d at 17.
 {¶ 23} The record supports the commission's decision. Therefore, the trial court should not have reversed it. Just cause determinations for unemployment compensation purposes must be consistent with the legislative purpose underlying the Unemployment Compensation Act.Tzangas, Plakas Mannos, 73 Ohio St.3d at 697. The Ohio Supreme Court has elaborated on the purposes of the Unemployment Compensation Act as follows:
 {¶ 24} "The Act does not exist to protect employees from themselves, but to protect them from economic forces over which they have no control. When an employee is at fault, he is no longer the victim of fortune's whims, but is instead directly responsible for his own predicament. Fault on the employee's part separates him from the Act's intent and the Act's protection. Thus, fault is essential to the unique chemistry of a just cause termination." Id. at 697-98.
 {¶ 25} Here, it was a reasonable conclusion for the commission that appellee was at fault in her termination. Appellee may have had a right to question Anderson regarding the change in the payment system and to become upset with him regarding his alleged refusal to discuss it. However, she is the one who refused to work. Anderson asked her three times to get back to work. Appellee refused. She was responsible for her own predicament. She chose not to go back to work.
 {¶ 26} Furthermore, when Anderson told appellee to return to work, she refused, telling him she was "on strike." If appellee was indeed on strike, she is not entitled to benefits since her unemployment was due to a labor dispute other than a lockout. See R.C. 4141.19(D)(1)(a).
 {¶ 27} While appellee argues that the record supports the trial court's finding of no just cause, she fails to consider the limited review authority the trial court has in this type of case. The record may support the trial court's decision. However, the fact that reasonable minds might reach different conclusions is not a basis for a reviewing court to reverse the commission's decision. Irvine, 19 Ohio St.3d at 18. And since the record supports the commission's decision, the trial court should not have reversed it.
 {¶ 28} Appellee also cites to Hepner v. Bd. of Review (1978), 11 O.O.3d 144, for support. In Hepner, the employee was fired for insubordination for using an expletive with his foreman in expressing disgust with being docked a day's pay. The court reversed the commission's just cause decision and found that the employee was just letting off steam. Appellee argues that like Hepner, she had a right to be upset over the new pay system. Hepner, however, dealt specifically with a discharge based on an incident of insubordination involving the use of profanity by an employee. Gualtieri v. Stouffer Foods Corp. (March 24, 1999), 9th Dist. No. 19113; Buck v. Administrator, Ohio Bur. of Emp.Serv. (Apr. 20, 1990), 4th Dist. No. 1422. And the cases that have followed Hepner's reasoning are largely limited to analogous fact patterns. Gualtieri, supra, citing Lombardo v. Ohio Bur. of Emp. Serv.
(1997), 119 Ohio App.3d 217, 221-23, 695 N.E.2d 11. Here, appellee did not utter a few profanities, she refused to work. Thus, this case is distinguishable from Hepner.
 {¶ 29} Accordingly, appellant's assignment of error has merit.
 {¶ 30} For the reasons stated above, the trial court's decision is hereby reversed and the commission's decision is reinstated.
Vukovich, J., concurs.
Waite, J., concurs.