[Cite as *Marietta Coal Co., Inc. v. Kirkbride*, 2014-Ohio-5677.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| MARIETTA COAL CO., INC., | ) | |
| | ) | CASE NO. 14 BE 10 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| JAMES E. KIRKBRIDE, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Common Pleas
Court, Case No. 13 CV 55.

JUDGMENT:     Affirmed.

APPEARANCES:
For Plaintiff-Appellant:     Attorney Gerald P. Duff
Myser & Davies
320 Howard Street
Bridgeport, OH  43912

For Defendants-Appellees:     Michael DeWine
Attorney General of Ohio
Susan Sheffield
Assistant Attorney General
Office of the Ohio Attorney General
20 West Federal Street, 3rd Floor
Youngstown, OH  44503

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: December 18, 2014

DeGenaro, P.J.

{¶1} Appellant, Marietta Coal Co., Inc. appeals the January 30, 2014 judgment of the Belmont County Court of Common Pleas, affirming the decision of Appellee Unemployment Compensation Review Commission, represented on appeal by Appellee Director, Ohio Department of Job and Family Services, (ODJFS), allowing unemployment compensation benefits for Appellee James E. Kirkbride. Marietta Coal asserts that the trial court erred in finding that Kirkbride quit his employment with just cause and the Review Commission's Decision was not unlawful, unreasonable or against the manifest weight of the evidence and was based on competent, credible evidence. Marietta Coal also claims that the trial court engaged in improper speculation in affirming the Review Commission's Decision.

{¶2} Marietta Coal's arguments are meritless. The Review Commission's just cause determination is proper because it is supported by competent, credible evidence that Marietta Coal increased Kirkbride's responsibilities after he was hired and Kirkbride provided notice of his concerns and gave Marietta Coal a reasonable opportunity to remedy those concerns before quitting. Although Marietta Coal disagrees with the Review Commission's interpretation of the evidence, this Court's standard of review for this case is highly deferential to the Review Commission hearing officer's role as a fact finder. The evidence in the record does not suggest that the Review Commission's Decision was unlawful, unreasonable or against the manifest weight of the evidence, nor is there any indication that the trial court engaged in improper speculation to affirm the Review Commission's Decision. Accordingly, the trial court's judgment is affirmed.

## Facts and Procedural History

{¶3} Kirkbride left his employment with Marietta Coal due to alleged changes in the terms of his employment which he believed constituted just cause, and filed an application for determination of unemployment benefits on September 11, 2012, with the Ohio Department of Job and Family Services. The ODJFS, in its Determination of Unemployment Compensation Benefits, allowed Kirkbride's application for unemployment compensation benefits. Marietta Coal filed an appeal, and the ODJFS issued a Director's Redetermination affirming its prior decision. Marietta Coal appealed the Director's

Redetermination and jurisdiction of the appeal was transferred to the Review Commission.

**{¶4}** On December 3, 2012, Review Commission Hearing Officer Sean Reid conducted a telephone hearing. On December 5, 2012, the Review Commission issued a Decision affirming the Director's Redetermination with findings of fact which stated:

> Several weeks after he began work, the claimant was told that the former mechanic that he had replaced [*sic*] had been rehired. The other mechanic would be driving the company tool truck. The claimant was to continue working as [*sic*] mechanic but he should use his personal tool truck and tools. He began driving his personal tool truck to the various job sites and used his personal tools at the job as instructed but soon realized that his work had become significantly more expensive. His tool truck suffered wear and tear from the extra driving. He had to pay for the gas to travel to the various sites as well as purchase new tools to replace the ones he had broken on the job.
>
> The claimant raised his concerns with company supervisors. He received some compensation for tools that had broken as well as gas for some of his trips, but his job duties remained the same. The claimant quit his employment because of the added cost of using his own truck and equipment on August 21, 2012.

**{¶5}** The Review Commission provided two reasons for finding that Kirkbride had just cause to quit his employment. First, Marietta Coal changed the terms of Kirkbride's employment by requiring him to use his personal vehicle instead of the company truck. Second, Kirkbride brought his concerns to Marietta Coal and gave the company reasonable opportunity to reimburse him for costs incurred on the job.

**{¶6}** Marietta Coal filed a request for review of the Review Commission, which disallowed the request. Marietta Coal, having exhausted its administrative remedies,

appealed the Review Commission's Decision to the Belmont County Court of Common Pleas. The trial court affirmed the Review Commission's Decision, holding that the Review Commission's Decision was based on competent, credible evidence in the record and was not unlawful, unreasonable or against the manifest weight of the evidence.

**Just Cause**

{¶7} Marietta Coal asserts two assignments of error on appeal, both of which challenge the Review Commission's just cause determination. For clarity of analysis, they will be discussed together, and assert, respectively:

{¶8} "The Trial Court erred in upholding the administrative decision. The evidence of record does not support the finding that the Claimant quit with just cause. The Claimant quit without just cause so as to disqualify him for benefits under Section 4141.29(D)(2)(a)."

{¶9} "The Trial Court erred in finding that the decision of the Hearing Officer was not unlawful, unreasonable or against the manifest weight of the evidence, and in finding that the administrative decision was based upon competent credible evidence. The Trial Court improperly speculated in his Judgment Entry."

{¶10} A trial court may only reverse a Review Commission decision if it was "unlawful, unreasonable or against the manifest weight of the evidence." R.C. 4141.28(H). *Kosky v. American General Corp.*, 7th Dist. No. 03-BE-31, 2004-Ohio-1541, ¶9. A court of appeals has the identical standard of review. *Tzangas, Plakas & Mannos, Attorneys v. Admr., Ohio Bur. of Emp. Servs.*, 73 Ohio St.3d 694, 696, 653 N.E.2d 1207 (1995). Thus, reviewing courts in unemployment compensation benefits cases, may not make factual determinations or determine the credibility of witnesses. *Brown-Brockmeyer Co. v. Roach*, 148 Ohio St.511, 76 N.E.2d 79 (1947). A hearing officer, as fact-finder, is in the best position to determine the credibility of witnesses. *Cafaro Mgt. Co. v. Polta*, 7th Dist. No. 11 MA 171, 2012-Ohio-4558, ¶13.

{¶11} If the Review Commission's factual findings are supported by competent, credible evidence, then this Court must accept those findings. *Morris v. Director, Ohio Dept. of Job and Family Servs.*, 7th Dist. No. 2001 CO 55, 2002-Ohio-5250, ¶15." The

fact that reasonable minds might reach different conclusions is not a basis for the reversal[.]" *Irvine v. State Unemp. Comp. Bd. of Rev.*, 19 Ohio St.3d 15, 18, 482 N.E.2d 587 (1985).

{¶12} An individual is disqualified from receiving unemployment compensation benefits if the Review Commission determines that the claimant quit employment without just cause. R.C. 4141.29(D)(2)(a). Just cause is "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." *Irvine* at, 17. "There is, of course, not a slide-rule definition of just cause." *Peyton v. Sun T.V. and Appliances*, 44 Ohio App.2d 10, 12, 335 N.E.2d 751 (10th Dist.1975). A just cause determination depends upon the factual circumstances of each case. *Cafaro Mgt. Co.* at ¶16, citing *Warrensville Hts. v. Jennings*, 58 Ohio St.3d 206, 207, 569 N.E.2d 489 (1991).

### Change in Terms of Employment

{¶13} Marietta Coal first argues that Kirkbride's previous employment with the company alerted him to the job requirements for his period of employment beginning in April, 2012. Therefore, Marietta Coal asserts that Kirkbride had notice that he would be required to use his personal truck to work for Marietta Coal, and thus did not undergo a change in the terms of his employment. Appellees contend that at the time Kirkbride was hired, he was provided with a company truck that was subsequently taken away; thus, the revocation of use of the company truck constituted a change of terms of his employment sufficient for just cause.

{¶14} Appellees and the trial court cite *Sachs* for the proposition that an individual may be found to have quit his employment with just cause when the terms of an individual's employment have changed substantially. *Sachs Corp. of U.S.A. v. Rossmann*, 9 Ohio App.3d 188, 191, 459 N.E.2d 227 (8th Dist.1983). This is our first opportunity to address this issue, and we can find no Ohio Supreme Court decision for guidance. In *Sachs*, the Eighth District held:

> Where a corporate executive has been employed under a contract setting
> forth specific contractual duties involving significant supervisory

responsibilities intended to utilize his creative talents, where those responsibilities are then taken away from him to the extent that his status is reduced to that of a mere figurehead and he continues to hold his corporate title as a formality only, and where his employer continues to refuse to give him alternative responsibilities requiring a similar degree of skill and expertise to that for which he was initially hired, such an employee, upon terminating employment, shall be deemed to have quit with just cause within the meaning of R.C. 4141.29(D)(2)(a).

*Sachs* at 191.

**{¶15}** Admittedly, *Sachs* is distinguishable from the present matter because Kirkbride suffered an *increase* in responsibilities when Marietta Coal disallowed his use of the company truck and required him to use his personal vehicle. *Sachs* is also distinguishable because the nature of Kirkbride's responsibilities arguably remained the same throughout the course of his employment; he was required to drive for Marietta Coal, whether it was by means of the company truck or his personal vehicle.

**{¶16}** However, we are persuaded to adopt the underlying rationale in *Sachs*: that a substantial change in the terms of employment can be sufficient for a just cause finding, in light of the facts of a particular case. Given the record before us, Kirkbride quit with just cause. The Review Commission determined that Kirkbride accepted employment with Marietta Coal on the understanding that he would use his personal vehicle to drive from his home to St. Clairsville, Ohio and pick up a company truck to use in his duties as a Marietta Coal employee. The Review Commission found that Marietta Coal permitted Kirkbride to use the company truck when he was rehired in April, 2012, but subsequently revoked Kirkbride's access to the company truck. In affirming the Review Commission's Decision, the trial court noted that a change in the terms of Kirkbride's employment— Kirkbride's loss of use of the company truck—required him to bear the cost of using his personal vehicle to fulfill the obligations of his employment with Marietta Coal. This is competent, credible evidence that Kirkbride quit his employment with just cause.

{¶17} Marietta Coal relies on *Hill v. Admr., Ohio Bur. of Empl. Servs.*, 4th Dist. No. 98CA662, 1999 WL 34847 (Jan. 25, 1999) in support of its contention that Kirkbride did not have just cause to quit. In *Hill*, the claimants quit their employment because of dissatisfaction with travel requirements and compensation, and were disqualified from receiving unemployment benefits. *Id.* at *6. This case is factually distinguishable; the *Hill* claimants knew at their time of hire of the conditions for which they would ultimately quit, whereas Kirkbride did not know of the impending increase in the costs and responsibilities of his employment at the time he was hired. Applying the rationale in *Sachs*, there is competent, credible evidence in the record that Kirkbride suffered a substantial change in the terms of his employment, and therefore quit with just cause. An ordinarily intelligent person would have most likely quit employment if, unknown to him at the time of his hiring, his employer's actions would later result in a substantial increase in the cost of performing his work duties. *See Irvine,* 19 Ohio St.3d at 17.

{¶18} Therefore the trial court correctly affirmed the Review Commission's Decision that Kirkbride had just cause to quit his employment.

## Notice Prior to Quitting

{¶19} Marietta Coal's second argument is that Kirkbride did not have just cause to quit his employment because Kirkbride did not make reasonable efforts to give notice to Marietta Coal, so that the company could remedy his concerns regarding the expense of using his personal vehicle and tools for work-related responsibilities. Marietta Coal also contends that it reimbursed Kirkbride for use of his personal vehicle and tools whenever Kirkbride requested reimbursement. Appellees argue to the contrary.

{¶20} An employee who encounters problems with his work conditions must notify his employer of the problem, so as to give the employer an opportunity to remedy the problem. *DiGiannantoni v. Wedgewater Animal Hosp., Inc.*, 109 Ohio App.3d 300, 307, 671 N.E.2d 1378 (10th Dist.1996); *Morris v. Director, Ohio Dept. of Job and Family Services*, 7th Dist. No. 2001 CO 55, 2002-Ohio-5250, ¶19. The key issue for determining whether an employee has quit with just cause is "whether an ordinarily intelligent person

would have quit without giving notice under the circumstances of the case." *DiGiannantoni* at 308; *Morris*, at ¶27.

**{¶21}** As an ordinarily intelligent person would most likely give notice of such concerns to his employer prior to quitting, the issue becomes whether Kirkbride actually notified Marietta Coal about his concerns prior to quitting. The parties disagree as to whether notice was given and whether Kirkbride gave Marietta Coal a reasonable opportunity to remedy the problem before he quit.

**{¶22}** Where there is conflicting testimony, "it is the fact finder's duty to resolve the conflict." *Kosky, supra* at ¶17. The transcript from the Review Commission hearing demonstrates conflicting testimony. The hearing officer asked Kirkbride if he had notified Marietta Coal about his concerns with using his personal truck. Kirkbride replied: "Yes I did." * * * "I told Paul Gill I, I couldn't afford to buy the tires. They sent me over to a tire place to get the tires and I did go over and put them, put them on the company cre [*sic*], charged it to the company and I had to pay the company back." The hearing officer asked Paul Gill, Superintendent for Marietta Coal, whether Kirkbride mentioned his concerns about the use of his personal truck. Gill replied: "Not really." The hearing officer asked Gill if Kirkbride ever discussed the extra expenses incurred by using his personal truck. Gill replied: "Not that I recollect."

**{¶23}** The Review Commission resolved this conflicting testimony in Kirkbride's favor. As the trier of fact, the hearing officer was in the best position to assess the credibility of the witnesses, as noted by the trial court. *Kosky* at ¶17. Kirkbride's testimony is competent, credible evidence that he notified Marietta Coal of his concerns and gave the company a reasonable opportunity to address those concerns prior to quitting. Therefore, the Review Commission's conclusion on this issue is not unlawful, unreasonable or against the manifest weight of the evidence.

**{¶24}** In sum, Marietta Coal's assignments of error are meritless. The Review Commission concluded that Kirkbride had just cause to quit because Marietta Coal changed the terms of Kirkbride's employment subsequent to his date of hire, and Kirkbride gave notice of his concerns to Marietta Coal and provided the company with a

reasonable opportunity to address those concerns before quitting. There is competent, credible evidence supporting this decision. The Review Commission's Decision was not unlawful, unreasonable or against the manifest weight of the evidence, because an ordinarily intelligent person would likely quit his employment under those circumstances. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.