[Cite as *Kost v. Dir., Ohio Dept. of Job & Family Servs.*, 2016-Ohio-1364.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| THEODORE T. KOST, | : | **O P I N I O N** |
| Appellant, | : | |
| - vs - | : | CASE NO. 2015-P-0045 |
| DIRECTOR, OHIO DEPARTMENT OF JOB AND FAMILY SERVICES, et al., | : | |
| Appellee. | : | |

Civil Appeal from the Portage County Court of Common Pleas.
Case No. 2014 CV 00128.

Judgment: Affirmed.


*Frank J. Cimino*, 250 South Chestnut Street, Suite 2501, Ravenna, OH 44266 (For Appellant).

*Mike DeWine*, Ohio Attorney General, and *Susan M. Sheffield*, Associate Assistant Attorney General, 20 West Federal Street, Third Floor, Youngstown, OH 44503 (For Appellee).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Theodore T. Kost ("Mr. Kost"), appeals the Portage County Court of Common Pleas judgment affirming the decision of the Ohio Unemployment Compensation Review Commission ("Review Commission"), which denied appellant's application for unemployment compensation benefits. For the following reasons, we affirm the trial court's judgment.

**{¶2}** The court of common pleas may reverse, vacate, or modify a decision of the Review Commission only if it is "unlawful, unreasonable, or against the manifest weight of the evidence." R.C. 4141.282(H). The Ohio Supreme Court has held that "[t]his limited standard of review applies to *all* appellate courts." *Williams v. Ohio Dept. of Job & Family Servs.*, 129 Ohio St.3d 332, 2011-Ohio-2897, ¶20, citing *Irvine v. Unemp. Comp. Bd. of Rev.*, 19 Ohio St.3d 15, 18 (1985) (emphasis added). "Accordingly, a reviewing court may not make factual findings or weigh witness credibility and must affirm the decision if there is competent, credible evidence to support it." *Isenberg v. Artcraft Mem., Inc.*, 11th Dist. Trumbull No. 2011-T-0093, 2012-Ohio-2564, ¶11, citing *Williams*, *supra*, at ¶20.

**{¶3}** When reviewing a Review Commission's decision, every reasonable presumption must be made in favor of the decision and the factual findings of the Review Commission. *Reddick v. The Sheet Metal Prods. Co.*, *Inc.*, 11th Dist. Lake No. 2009-L-092, 2010-Ohio-1160, ¶17; *see also Kilgore v. Bd. of Rev.*, *Bur. of Unemp. Comp.*, 2 Ohio App.2d 69, 71 (4th Dist.1965). Thus, we adopt the following facts from the Review Commission's final decision, which are supported by the certified record.

**{¶4}** Atwater Nursery, Inc. is a family company owned by Mr. Kost and his brother, Timothy. Mr. Kost began his employment with the company in 2004. At the time of his discharge from employment, Mr. Kost was serving as president, and Timothy was vice-president. The brothers' wives were also officers of Atwater Nursery: Mr. Kost's wife ("Mrs. Kost") was secretary and Timothy's wife was treasurer.

**{¶5}** Mr. Kost did not report to work after May 5, 2012, due to a heart attack and related health problems. Atwater Nursery did not specifically request information

regarding Mr. Kost's absence and possible date of return. Mr. Kost also did not provide any information to Atwater Nursery between May 2012 and March 2013. Atwater Nursery continued to pay Mr. Kost until March 2013, at which time it concluded he was not returning to work and ceased paying him.

{¶6} Mr. Kost attempted to enter the workplace in the spring of 2013 and discovered the locks had been changed. He was later informed he was no longer an employee of Atwater Nursery and would no longer be paid. Mr. Kost testified that at this time he was able to work. Mr. Kost subsequently filed his application for unemployment compensation benefits with appellee, Ohio Department of Job and Family Services.

{¶7} Ohio Department of Job and Family Services ("ODJFS") initially determined Mr. Kost was eligible for unemployment compensation, stating he was "'totally unemployed' due to lack of work" at the nursery. Atwater Nursery appealed this decision to the Director of ODJFS, who affirmed the determination of eligibility in its entirety. Atwater Nursery appealed this redetermination, and ODJFS transferred jurisdiction to the Review Commission. Telephonic evidentiary hearings were conducted by a hearing officer at the Review Commission. On December 16, 2013, the hearing officer reversed the decision of ODJFS, finding Mr. Kost was discharged for just cause and thus ineligible for unemployment compensation benefits. It also found Mr. Kost had received benefits to which he was not entitled and ordered Mr. Kost to repay ODJFS. The Review Commission disallowed Mr. Kost's request for further review.

{¶8} Mr. Kost filed an administrative appeal with the Portage County Court of Common Pleas. The trial court affirmed, stating: "the Commission's decision that 'Claimant's abandonment of his position constitutes fault that will serve to suspend his

3

connection with work' thus rendering him ineligible for benefits is supported by the record." Mr. Kost filed a timely appeal to this court.

{¶9} Keeping in mind our deferential standard of review, we turn to Mr. Kost's assignments of error:

{¶10} "[1.] The trial court committed prejudicial error in sustaining the Review Commission's reversal of the Director's Decision in granting the claimant unemployment compensation benefits."

{¶11} "[2.] The Decision is against the manifest weight of the evidence."

{¶12} Under his first assignment of error, Mr. Kost asserts his "alleged termination" was "completely null and void and meaningless." He argues (1) he was not Timothy's employee and (2) Timothy did not have the authority to terminate him as an employee of Atwater Nursery without a formal noticed Meeting of the Directors.

{¶13} Regarding his first argument, Mr. Kost asserts that "Timothy Kost was not the employer any more than was Theodore Kost." However, the issue is not whether Timothy employed Mr. Kost, but whether Mr. Kost was an employee of Atwater Nursery. In other words, neither Mr. Kost nor Timothy are the employer; they are both employed by, and officers of, Atwater Nursery, Inc. Here, we must give deference to the Review Commission's factual finding that Mr. Kost was employed by Atwater Nursery since 2004. Considering the fact that Mr. Kost applied for unemployment compensation benefits *because he was discharged* from his employment at Atwater Nursery, this argument clearly lacks merit. It is not logical for him to argue he was discharged without cause and, at the same time, argue he was never legally discharged.

4

{¶14} In support of his second argument, Mr. Kost relies heavily on the Twelfth District Court of Appeals' decision in *Volz Excavating, Inc. v. Lynch*, 12th Dist. Butler No. CA2006-07-170, 2007-Ohio-4645. The president, Mr. Volz, and the vice-president, Mr. Lynch, were the only two directors on the corporate board and equal shareholders of Volz Excavating. Mr. Volz gave Mr. Lynch written notice of a special directors meeting to address the proposed termination of Mr. Lynch. Mr. Lynch received the notice but did not attend the meeting. As a result, Mr. Volz moved to terminate Mr. Lynch, and the motion was carried by a unanimous vote of all directors present; i.e., by the sole vote of Mr. Volz. At issue in *Volz Excavating* was whether Mr. Lynch was an employee of Volz Excavating other than in his capacity as an officer and director of the corporation and, therefore, whether he could be fired as an employee by the sole vote of Mr. Volz. *Id.* at ¶7. The court held that Mr. Lynch was an employee because he performed services for the corporation that were distinct from his duties as an officer, thus exposing him to termination as an employee. *Id.* at ¶11. The court further held the manner in which he was terminated, i.e., by the unanimous vote of all directors present at the noticed meeting, was appropriate. *Id.* at ¶14.

{¶15} Mr. Kost asserts that, contrary to the procedure followed by the corporation in *Volz Excavating*, there was not a special directors meeting called for a vote on his proposed termination. This issue, however, is not within the scope of review on an application for unemployment compensation benefits. *Volz Excavating* was a civil suit filed by one owner of a corporation against another, not an application for unemployment benefits. The Director of ODJFS has limited administrative jurisdiction to determine whether a claimant is eligible for unemployment benefits or ineligible because

5

he or she "quit work without just cause or has been discharged for just cause in connection with the individual's work[.]" R.C. 4141.29(D)(2)(a). Issues of corporate law do not fall within a "just cause" determination and require adjudication via a separate civil suit. Mr. Kost could have filed suit against Timothy or Atwater Nursery challenging the purported action taken by the corporation. That challenge, however, is not properly addressed to ODJFS in an application for unemployment compensation benefits.

**{¶16}** Mr. Kost's first assignment of error is without merit.

**{¶17}** Under his second assignment of error, Mr. Kost presents an alternative argument, which essentially concedes his termination was not null and void, asserting the Review Commission's decision was against the manifest weight of the evidence.

**{¶18}** Again, a claimant is not eligible for unemployment compensation benefits if the director of ODJFS finds the claimant "quit work without just cause or has been discharged for just cause in connection with the individual's work[.]" R.C. 4141.29(D)(2)(a). The "claimant has the burden of proving his or her entitlement to unemployment compensation benefits, including the issue of just cause." *Holzer v. State Unemp. Comp. Rev. Comm.*, 11th Dist. Portage No. 2011-P-0011, 2011-Ohio-6523, ¶15.

**{¶19}** The Ohio Supreme Court has defined "just cause" as "'that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.'" *Irvine, supra*, at 17, quoting *Peyton v. Sun T.V. & Appliances*, 44 Ohio App.2d 10, 12 (10th Dist.1975).

> [Ohio's Unemployment Compensation Act] does not exist to protect employees from themselves, but to protect them from economic forces over which they have no control. When an employee is at fault, he is no longer the victim of fortune's whims, but is instead

6

directly responsible for his own predicament. Fault on the employee's part separates him from the Act's intent and the Act's protection. Thus, fault is essential to the unique chemistry of a just cause termination.

*Tzangas, Plakas & Mannos v. Admin., Ohio Bur. of Emp. Servs.*, 73 Ohio St.3d 694, 697-698 (1995).

{¶20} Further, the Review Commission, not the court, is to resolve conflicts in witness testimony as it is in the best position to assess witness credibility. *See Marietta Coal Co. v. Kirkbride*, 7th Dist. Belmont No. 14 BE 10, 2014-Ohio-5677, ¶22-23. "The fact that reasonable minds might reach different conclusions is not a basis for the reversal of the board's decision. * * * Where the board might reasonably decide either way, the courts have no authority to upset the board's decision.'" *Irvine*, *supra*, at 18; *see also Holzer*, *supra*, at ¶11.

{¶21} Timothy testified Atwater Nursery never received any documentation regarding Mr. Kost's inability to work; his wife testified the company did not request medical documentation. Timothy testified there was never a discussion regarding a possible return date and no discussions regarding Mr. Kost's health issues or inability to work. Timothy's wife testified she had an initial conversation with Mrs. Kost about the heart attack, but nothing further.

{¶22} On the other hand, Mr. Kost and Mrs. Kost both testified they informed Atwater Nursery, via Timothy and his wife, that Mr. Kost had suffered a heart attack, underwent surgery, had an open wound on his leg, was receiving occupational therapy, and was unable to return to work. Mr. Kost testified no one asked him for medical documentation, and he did not think he had to provide any, as that was not the company's practice. It is undisputed that Mrs. Kost picked up Mr. Kost's paychecks on

7

a weekly basis at Atwater Nursery between May 2012 and March 2013, the time period Mr. Kost did not show up for work. Mrs. Kost testified she would sometimes talk to Timothy and his wife about Mr. Kost's health when she picked up his paychecks.

{¶23} The conflict in testimony was resolved by the Review Commission in favor of Atwater Nursery. The testimony of Timothy and his wife does provide competent, credible evidence that Mr. Kost did not provide Atwater Nursery with any information regarding his significant health issues or a possible date of return to work.

{¶24} In the conclusion of his brief on appeal, Mr. Kost argues that telephonic hearings, as the one held in this case, do not provide hearing officers with a reliable opportunity to evaluate the credibility of a witness. He has provided no legal support for this argument. Additionally, Mr. Kost was permitted to request an in-person hearing with the Review Commission but did not do so. This argument is not well taken.

{¶25} Accordingly, after a review of the certified record, we find the evidence before the Review Commission supports its determination that Mr. Kost was discharged for just cause because the "abandonment of his position constitutes fault that will serve to suspend his connection with work." The decision is not unlawful, unreasonable, or against the manifest weight of the evidence.

{¶26} Mr. Kost's second assignment of error is without merit.

{¶27} The judgment of the Portage County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

8

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶28} I respectfully dissent.

{¶29} The majority holds the trial court did not err in affirming the decision of the Review Commission, denying appellant's application for unemployment compensation benefits after finding he had abandoned his position. For the reasons that follow, I disagree.

{¶30} As referenced in the majority opinion, the following facts emanate from the record: appellant and his brother, Timothy Kost, worked at Atwater Nursery, their family business, since 1977. Their father later gifted the business to them. In 2004, appellant and Timothy formed Atwater Nursery, Inc. Appellant became president and a 50 percent owner. Timothy became vice-president and a 50 percent owner. The brothers' wives also became officers of the company.

{¶31} Unfortunately, appellant subsequently had a heart attack. He suffered from congestive heart failure, underwent surgery, had an open wound on his leg, received occupational therapy, and was unable to return to work after May of 2012. In the spring of 2013, appellant became able to work again and attempted to enter the workplace. However, he was chased off the property by Timothy on several occasions and had also discovered that the locks had been changed. Appellant was later informed he was no longer an employee of Atwater Nursery and that he would receive no more compensation.

{¶32} Thereafter, appellant filed an application for unemployment compensation. ODJFS found appellant was eligible to receive benefits. Atwater Nursery, via Timothy

9

as vice-president, appealed and the Director of ODJFS affirmed. Atwater Nursery appealed the redetermination. ODJFS transferred jurisdiction to the Review Commission. The Review Commission reversed the decision of ODJFS. Appellant filed an administrative appeal with the Portage County Court of Common Pleas. The trial court affirmed the Review Commission's decision finding that appellant was at fault because he had *abandoned* his position thereby rendering him ineligible for benefits. In this writer's opinion, however, I fail to see abandonment.

**{¶33}** Abandonment is defined as "the voluntary relinquishment of all rights, title, or claim to property that rightfully belongs to the owner of the property." *Black's Law Dictionary*, http://thelawdictionary.org/abandonment/ (2nd Ed.).

**{¶34}** "Abandonment of employment is largely a question "'of intent (* * *) (that) may be inferred from words spoken, acts done, and other objective facts.'" *State ex rel. Diversitech Gen. Plastic Film Div. v. Indus. Comm.* (1989), 45 Ohio St. 3d 381, 383 * * *, quoting *State v. Freeman* (1980), 64 Ohio St.2d 291, 297 * * *." (Parallel citations omitted.) *State ex rel. Krogman v. B&B Ent. Napco Flooring, LLC*, 10th Dist. Franklin No. 14AP-477, 2015-Ohio-1512, ¶41, quoting *State ex rel. Pierron v. Indus. Comm.*, 120 Ohio St.3d 40, 2008-Ohio-5245, ¶10.

**{¶35}** The record does not support that appellant voluntarily intended to abandon his employment. To the contrary, he was president of Atwater Nursery and a 50 percent owner. Appellant ended up having a heart attack. As a result, he suffered other related health issues, underwent surgery, received occupational therapy, and was unable to work for a period of time. After appellant recovered, he attempted to enter the workplace but was chased off the property by his brother and locked out. Appellant was

10

later informed he was no longer an employee and that he would receive no more compensation. Appellant was thereby terminated without any notice, without any special director's meeting, and without any formal vote.

{¶36} Based on the facts presented, I disagree with the majority that appellant was at fault for abandoning his position. Accordingly, I respectfully dissent.